HAYES, Appellant,

v.

MONTGOMERY COUNTY BOARD OF COMMISSIONERS, Appellee.

[Cite as *Hayes v. Montgomery Cty. Bd. of Commrs.* (1994), 94 Ohio App.3d 597.]

Court of Appeals of Ohio,
Montgomery County.

No. 14381.

Decided June 1, 1994.

*Konrad Kuczak,* for appellant.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Marcell N. Dezarn,* Assistant Prosecuting Attorney, for appellee.

GRADY, Presiding Judge.

Plaintiff Gail A. Hayes appeals from the order of the common pleas court dismissing her complaint in that court, which was an appeal from a decision of the State Personnel Board of Review ("board") affirming the termination of Hayes's employment by Defendant Montgomery County Board of Commissioners.

The trial court dismissed Hayes's complaint on a finding that she had failed to satisfy the jurisdictional requirements of R.C. 119.12, which provides for appeals to the common pleas court from orders of administrative agencies.

Hayes presents three assignments of error on appeal. The first and second assignments are essentially the same, and argue that the trial court erred in its interpretation of R.C. 119.12. The third assignment argues that the record fails to support the court's determination. We shall address the first and second assignments of error together.

The facts on which the court based its order are not in dispute.

On September 10, 1993, the State Personnel Board of Review affirmed the termination of Hayes's employment and ordered that a copy of its order be served upon her. On September 27, 1993, Hayes filed her notice of appeal with the board. On September 30, 1993, Hayes filed a copy of that notice of appeal with the common pleas court, attaching it to her complaint in that court.

R.C. 119.12 provides, *inter alia:*

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.  * * * "

The notice of appeal filed with the board was timely filed; the fifteenth day was a Saturday, extending the deadline to the following Monday, September 27, 1993, when the notice was filed. A copy of the notice was not filed in the common pleas court within that time, and was not in fact filed there until September 30, twenty days after it was mailed by the board.

The trial court held that the requirements of R.C. 119.12 are jurisdictional, both as to the notice of appeal filed with the agency and the copy of the notice filed with the court, and that failure to file both within fifteen days after mailing of the order appealed from is a bar to that court's appellate jurisdiction.

In arriving at its holding, the trial court relied on a statement of this court in *In re Gavin* (Nov. 5, 1981), Montgomery App. No. 7210, unreported, 1981 WL 5334, which concerned when the fifteen-day period began. We stated: "In the absence of any evidence as to the date of mailing of the agency order, appellant had fifteen days from (the date she received the order) in which to file her appeal with the agency *and the common pleas court.*" (Emphasis added.) *Id.* at 5.

We cannot disagree with the trial court's application of our statement in *Gavin* to the facts of this case. Neither do we disagree that R.C. 119.12 is jurisdictional.

However, we believe that our statement in *Gavin* was in error, to the extent that it held that filing a copy of the notice with the common pleas court is a jurisdictional factor. We now conclude that the only requirement to invoke the jurisdiction of that court is the timely filing of a notice of appeal with the agency concerned.

Section 4(B), Article IV of the Constitution of Ohio states:

"The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."

R.C. Chapter 119, the Ohio Administrative Procedure Act, governs proceedings before administrative agencies. R.C. 119.12 provides for appeals from agency orders to the courts of common pleas, and sets out the further requirements on the agency after an appeal is taken.

R.C. Chapter 2505 governs procedure on appeal. R.C. 2505.03 provides for appeals to the common pleas courts, as well as to the courts of appeals and to the Supreme Court, when provided by law. R.C. 2505.03(B) states:

"Unless, in the case of an administrative-related appeal, Chapter 119, or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. When an administrative-related appeal is so governed, if it necessary in applying the Rules of Appellate Procedure to such an appeal, the administrative officer, agency, board, department, tribunal, commission, or other instrumentality shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court."

With respect to the procedure to perfect an appeal, R.C. 2505.04 states:

"*An appeal is perfected when a written notice of appeal is filed,* in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or *in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.* If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional." (Emphasis added.)

This procedure is consistent with that set out in App.R. 3(A), which states:

"Filing the notice of appeal. An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. Appeals by leave of court shall be taken in the manner prescribed by Rule 5."

The specific issue for determination is whether the provisions of R.C. 119.12 pertaining to filing a copy of the notice of appeal in the common pleas court supersede the provisions of R.C. 2505.04 and App.R. 3(A), as that rule is applicable pursuant to R.C. 2505.03(B) with respect to the establishment of jurisdiction in the common pleas court.

This issue was addressed by the Court of Appeals of Licking County in *State Med. Bd. v. Brasseur* (July 2, 1986), Licking App. No. 3171, unreported, 1986 WL 7735. The appellant filed his notice of appeal with the agency within fifteen days, but did not file a copy with the court until after that time. The court was asked to determine whether the copy requirement is jurisdictional. It answered in the negative, stating:

"It is clear that if a timely notice of appeal is not filed with the Board, even if a notice of appeal is timely filed with the court, the defect is jurisdictional. See *Holley v. Gallipolis Developmental Center* (Aug. 17, 1984), Gallia County No. 83 CA 7, unreported [1984 WL 5605]. Appellant concedes this in his brief, but he argues that all that is mandated by Sec. 119.12 is that a copy be sent to the court, and this requirement is not intended to be jurisdictional. We agree.

"The statute provides that 'such notices of appeal shall be filed within fifteen (15) days.' 'Such notices' must refer to notices of appeal filed with the administrative agencies. Copies of 'such notices' are also to be filed with the court. The statute does not state that the copy of the notice of appeal must be timely filed with the court in order to trigger or invoke jurisdiction. It clearly does provide that the notice of appeal must be filed within fifteen (15) days with the agency setting forth the order appealed from." *Id.*

We agree with the analysis of R.C. 119.12 followed in *Brasseur*. A notice of appeal and its copy are identical in appearance; the latter, if a true copy, is a reproduction of the former. The two have distinct identities under the statute, however, because they are separate matters. The reference to "such notices of appeal" in the fifteen-day filing requirement is limited to the notice of appeal and does not include the copy. The statute provides that the copy "shall also be filed by the appellant with the court," but does not impose a time requirement for that act. Failure to file the copy, or to do so timely, may be grounds for appropriate action by the court, per App.R. 3(A), but "does not affect the validity of the

appeal." *Id.* That is established, per R.C. 2505.04, by the timely filing of the notice of appeal with the agency. R.C. 119.12 does not create an exception to that provision.

Our holding here necessarily overrules our holding in *Gavin, supra,* to the extent that *Gavin* found the filing of a copy in the common pleas court to be a prerequisite to that court's jurisdiction in an R.C. 119.12 appeal. Our holding here is more consistent with the purpose and function of a notice of appeal in Ohio practice, which is to advise the tribunal which issued the order appealed from that it has lost some or all of its jurisdiction to proceed further and to direct it to prepare and transmit its record to the appellate court. The purpose of the copy requirement is largely informational: to make the common pleas court aware that its jurisdiction has been invoked by a notice of appeal filed with the agency. This permits the court to perform an oversight function, which is appropriate in view of the defects that sometimes affect quasijudicial administrative proceedings.

For the foregoing reasons, we sustain appellant's first and second assignments of error. Having done so, we find the third assignment to be moot, and we need not address or decide it per App.R. 12(A)(1)(c).

The judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WOLFF and FAIN, JJ., concur.