## In re NAMEY.*

[Cite as *In re Namey* (1995), 103 Ohio App.3d 322.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE09–1386.

Decided May 9, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1408, 655 N.E.2d 187.

*John S. Wolanin,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Anne Berry Strait,* Assistant Attorney General, for appellee.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of John Thomas Namey, Jr., D.O., appellant, from the June 14, 1994 decision and August 30, 1994 entry of the Franklin County Court of Common Pleas dismissing appellant's R.C. 119.12 appeal to that court.

The history of this case is as follows: In June 1993, the State Medical Board of Ohio ("board"), appellee, issued a notice to appellant that it proposed to take disciplinary action against his medical license for failure to comply with the terms of a consent agreement he had entered into in June 1992. Appellant requested a hearing which was held before an attorney hearing examiner of the board on November 19, 1993. Appellant was present at this hearing. The hearing examiner issued her report and recommendation on January 22, 1994 and, on March 9, 1994, the board considered this report and recommendation. Appellant was present at this meeting as well and was represented by counsel. The board voted to place appellant's medical license under suspension for an indefinite period of time. The board mailed its March 9, 1994 adjudication order on March 16, 1994, via certified mail, return receipt requested, to appellant. Fifteen days later, on March 31, 1994, appellant filed a notice of appeal with the board.

Appellant also filed a verified complaint for injunctive and other relief and sought an order from the trial court which would enjoin the board from enforcing its order. Subsequently, on May 6, 1994, appellant filed a copy of the notice of appeal that had been filed with the board with the court of common pleas.

On May 19, 1994, the board filed a motion to dismiss appellant's appeal, arguing that it was not timely filed pursuant to R.C. 119.12. In its decision, the

trial court agreed and sustained the motion to dismiss on the grounds that a copy of the notice of appeal was not filed with the court within fifteen days pursuant to R.C. 119.12.

Appellant asserts the following assignment of error:

"I. The Trial Court committed reversible error by granting a Motion to Dismiss in favor of Appellee, State Medical Board of Ohio, despite the fact that the Trial Court had jurisdiction to hear the appeal from the Appellee under Ohio Revised Code § 119.12."

Thus, the precise issue before this court is whether or not the filing of a copy of the notice of appeal with the court of common pleas in an R.C. 119.12 appeal is jurisdictional. R.C. 119.12 provides:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * desiring to appeal shall file a *notice of appeal with the agency* setting forth the order appealed from and the grounds of his appeal. A *copy of such notice of appeal shall also be filed by the appellant with the court.* Unless otherwise provided by law relating to a particular agency, *such notices of appeal shall be filed within fifteen days* after the mailing of the notice of the agency's order as provided in this section. * * *" (Emphasis added.)

Both parties focus on the language "such notices of appeal shall be filed within fifteen days" to argue their respective positions. Appellee argues that "notices" is plural and thus requires that both the notice of appeal filed with the agency and the copy of the notice of appeal filed with the court must be filed within the fifteen days provided for in R.C. 119.12 in order to invoke jurisdiction.

Appellant argues that such notices of appeal can only refer to the original notice of appeal which must be filed with the agency and that this language does not apply to a *copy* of a notice of appeal. This court finds that appellant's argument is not well taken.

Two appellate courts have previously addressed this issue. The Court of Appeals for Licking County addressed this issue in *State Med. Bd. of Ohio v. Brasseur* (July 2, 1986), Licking App. No. CA3171, unreported, 1986 WL 7735. In that case, the court acknowledged that R.C. 119.12 required that the notice of appeal be filed with the *administrative agency* within fifteen days. However, the court stated:

" * * * Copies of such 'such notices' are also to be filed with the court. The statute does not state that the copy of the notice of appeal must be timely filed with the court in order to trigger or invoke jurisdiction. It clearly does provide that the notice of appeal must be filed within fifteen (15) days with the agency setting forth the order appealed from."

The *Brasseur* court further explained that a timely notice of appeal must be filed with the agency, and failure to do so constitutes a jurisdictional defect. See, also, *Holley v. Gallipolis Dev. Ctr.* (Aug. 17, 1984), Gallia App. No. 83 CA 7, unreported, 1984 WL 5605; *Capparell v. Love* (1994), 99 Ohio App.3d 624, 651 N.E.2d 484. Similarly, the Court of Appeals for Montgomery County held that the statutory requirement, that a party seeking appeal of an agency order file a copy of that notice of appeal with the court of common pleas, is not jurisdictional. *Hayes v. Montgomery Cty. Bd. of Commrs.* (1994), 94 Ohio App.3d 597, 641 N.E.2d 277.

The analysis in the *Hayes* case is helpful in the instant action, because appellee sets forth an argument regarding the relationship between R.C. 119.12, R.C. Chapter 2505, and the Appellate Rules, and the *Hayes* court addressed this relationship.

In its brief, appellee points out that R.C. 2505.03 governs appeals taken to the courts of Ohio. R.C. 2505.03 provides:

"Unless, *in the case of an administrative-related appeal, Chapter 119.* or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. * * *" (Emphasis added.)

The *Hayes* court noted that the specific issue for its determination was whether the provisions of R.C. 119.12, pertaining to filing a copy of a notice of appeal in the common pleas court, superseded the provisions of R.C. 2505.04 and App.R. 3(A). Again, that court held that the filing of a copy of a notice of appeal with the court of common pleas did nothing to invoke jurisdiction. We disagree. Generally, the procedural rules of R.C. 2505.03(B) and R.C. Chapter 2505 as a whole do not apply when they conflict with specific provisions of R.C. Chapter 119 or other sections of the Revised Code. See *Thomas v. Webber* (1968), 15 Ohio St.2d 177, 44 O.O.2d 150, 239 N.E.2d 26; see, also, *Walter v. Crawford* (June 9, 1993), Summit App. No. CA15942, unreported, 1993 WL 191976.

R.C. 119.12 specifically provides that a copy of *such notice* of appeal *shall* be filed with the court. This requirement is mandatory. This court further holds that the language "such *notices* of appeal shall be filed within fifteen days" necessarily requires that both the notice of appeal filed with the agency and the copy of the notice of appeal filed with the court must be filed within fifteen days. This court holds that appellant's failure to file a copy of the notice of appeal with the court within fifteen days constituted a jurisdictional defect.

This court recognizes that our opinion is in direct conflict with *Brasseur* and *Hayes, supra.* However, this court also recognizes that it is responsible for reviewing the vast majority of administrative appeals for this state. We find that

our reading of the statute will enable administrative agencies and courts to handle such appeals more expeditiously, a result clearly intended by the statute. This court also notes that R.C. 119.12 requires that the agency file a complete record of the proceedings with the court. Failure of the agency to do so shall cause the court to enter a finding in favor of the party adversely affected. As a practical matter, the court must be made aware of an appeal and must open a file and assign a case number, before it will accept a transcript of proceedings from the agency. Conceivably, a party could simply delay filing a copy of the notice of appeal with the court until the time had passed for the agency to file the record, and could argue that he should prevail because the agency failed to timely file the record. Such a result could not be intended by R.C. 119.12. Thus, this court holds that the time limitation provided for in R.C. 119.12 was intended to expedite such administrative appeals, and requires that a party file a copy of the notice of appeal with the court within fifteen days.

Appellee asserts that R.C. Chapter 2505 and the Appellate Rules provide for "outer" time limits, and thus, the above situation would be avoided. Clearly, R.C. 2505.03 does provide that R.C. Chapter 2505 and the Appellate Rules may be applied, *but only if* R.C. 119.12 fails to address the issue. R.C. 2505.04 provides for the perfection of an appeal and states as follows:

"An appeal is perfected when a written notice of appeal is filed * * * *or, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.* * * * After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional." (Emphasis added.)

Thus, pursuant to R.C. 2505.04, appellant arguably perfected his appeal by filing his notice of appeal with the board. However, this court is not free to ignore the language of R.C. 2505.03 which clearly provides that appeals are governed by Chapter 2505, *unless* the appeal is an administrative-related appeal, governed by R.C. Chapter 119. As stated previously, R.C. 119.12 sets forth very specific requirements for an administrative appeal, and requires that both a notice of appeal and a copy of such notice be filed with both the agency and the court within fifteen days of the mailing of the agency's order.

It is undisputed that appellant filed a *copy* of the notice of appeal on May 6, 1994, fifty-eight days from the March 9, 1994 order of the board, and fifty-one days from the date the board mailed its order. Clearly, appellant failed to comply with R.C. 119.12.

Thus, the trial court was correct in its dismissal of appellant's administrative appeal, insofar as it did not have jurisdiction to hear appellant's R.C. 119.12 appeal.

For all of the above reasons, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas, dismissing appellant's R.C. 119.12 appeal, is affirmed.

*Judgment affirmed.*

TYACK and CLOSE, JJ., concur.