On January 19, 1996, appellant, Nancy J. Saxour, was removed from her position as a Personnel Officer III with the Ohio Department of Rehabilitation and Correction ("ODRC"). Appellant appealed the ODRC's decision to the State Personnel Board of Review ("SPBR"). An administrative hearing was held on May 22, 1996. The SPBR affirmed appellant's removal in a detailed written decision which was mailed to appellant on July 9, 1996. The SPBR specifically found that the ODRC was justified in removing appellant from her position because appellant had knowingly accepted $3,700 as compensation for one hundred seventy hours of time during which she had neither worked nor been on approved leave.
On July 19, 1996, appellant sought judicial review of the SPBR's decision by filing a notice of appeal with the SPBR pursuant to R.C. 124.34. Appellant then filed another notice of appeal in the Madison County Court of Common Pleas on July 29, 1996.
On August 15, 1996, the ODRC filed a Civ.R. 12(B)(1) motion to dismiss appellant's appeal in the Madison County Court of Common Pleas. The ODRC argued that the court lacked subject matter jurisdiction to hear appellant's appeal because a notice of appeal had not been filed with the court within fifteen days of the date the SPBR's decision was mailed to appellant as required by R.C. 119.12. The court dismissed appellant's appeal in a decision dated October 4, 1996. Appellant now appeals setting forth the following assignment of error:
 DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT FOUND IT LACKED JURISDICTION?
R.C. 124.34 and 119.12 set forth the specific procedures a civil servant must comply with in order to appeal a decision of the SPBR to the court of common pleas:
 "124.34 Tenure of office; reduction, suspension, removal and demotion.
* * *
 In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code. * * *
"119.12 Appeal by party adversely affected.
* * *
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *
R.C. 124.34 and 119.12 permit a civil servant to appeal an adverse decision of the SPBR to the common pleas court of the county in which he or she resides by filing separate notices of appeal with both the SPBR and the court of common pleas within fifteen days of the date the adverse decision was mailed by the SPBR. See Davis v. Bd. of Review (1980), 64 Ohio St.2d 102, syllabus. An aggrieved civil servant's failure to file separate notices of appeal with both the SPBR and the court of common pleas within the fifteen-day period set forth in R.C. 119.12
deprives the court of common pleas of jurisdiction to hear the appeal. In re Namey (1995), 103 Ohio App.3d 322, 325-26; Droshagen v. Ohio Dept. of Adm. Servs. (June 13, 1996), Franklin App. No. 95APE11-1410, unreported; Holley v. Gallipolis Developmental Ctr. (Aug. 20, 1994), Gallia App. No. 83-CA-7, unreported.
Our review of the record indicates that appellant was a resident of Madison County at all times relevant to this case. The record also indicates that appellant did not file her notice of appeal with the Madison County Court of Common Pleas until July 29, 1996, twenty days after the SPBR mailed its decision affirming the ODRC's decision to remove appellant from her position as a Personnel Officer III. Therefore, the Madison County Court of Common Pleas did not err in dismissing appellant's appeal for lack of subject matter jurisdiction because appellant did not file her notice of appeal with that court within the fifteen-day period specified by R.C.119.12.[1] Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Appellant also filed a notice of appeal in the Franklin County Court of Common Pleas on July 23, 1996. However, this notice of appeal did not perfect appellant's appeal to that court because it was not filed in the court of common pleas for the county in which appellant resides. Appellant's appeal to the Franklin County Court of Common Pleas was dismissed for lack of subject matter jurisdiction on September 29, 1996.