Appellant, Marie Nibert, appeals from a judgment of the Madison County Court of Common Pleas dismissing her appeal from a decision of the State Personnel Board of Review ("SPBR").
Pursuant to a R.C. 124.34 disciplinary order entered on the record as of March 20, 1996, appellant, a Personnel Officer III at the London Correctional Institution, was notified of a reduction in position to Personnel Officer II effective March 18, 1996. On March 25, 1996, appellant appealed the reduction to the SPBR. The SPBR affirmed appellant's reduction in a decision issued on July 10, 1996.
On July 25, 1996, appellant sought judicial review of the SPBR's decision and filed a notice of appeal with the SPBR. On the same day, appellant filed a copy of the notice of appeal with the Franklin County Court of Common Pleas. Appellant subsequently realized that the copy of the notice of appeal should have been filed in her county of residence, Madison County. Thus, on September 24, 1996, appellant filed a copy of the notice of appeal with the Madison County Court of Common Pleas.
On September 30, 1996, appellee filed a motion to dismiss appellant's appeal in the Madison County Court of Common Pleas. On October 28, 1996, the trial court granted appellee's motion to dismiss. The trial court found that it lacked subject matter jurisdiction over the appeal because a copy of the notice of appeal had not been filed with the court within fifteen days of the SPBR's decision as required by R.C. 119.12.
On appeal, appellant raises the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN SUSTAINING THE MOTION OF THE STATE AND DISMISSING THE APPEAL FOR FAILURE TO SATISFY THE JURISDICTIONAL REQUIREMENTS OF R.C. 119.12.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN SUSTAINING THE MOTION OF THE STATE AND DISMISSING THE APPEAL BECAUSE APPELLANT ADEQUATELY NOTIFIED INTERESTED PARTIES AND WAS DENIED HER RIGHT TO DUE PROCESS UNDER THE LAW PURSUANT TO OHIO AND FEDERAL CONSTITUTIONS.
In her first assignment of error, appellant argues that the trial court erred by dismissing her appeal for lack of subject matter jurisdiction. R.C. 124.34 and 119.12 set forth the specific procedures a civil servant must follow in order to appeal a decision of the SPBR to the court of common pleas. R.C.124.34 provides in relevant part:
 In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code.
R.C. 119.12 states in relevant part:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.
Appellant contends that the fifteen-day filing requirement in R.C. 119.12 only applies to the filing of the notice of appeal with the agency. Thus, she argues that since she timely filed a notice of appeal with the SPBR, the trial court had jurisdiction to hear her appeal, even though she failed to file a copy of the notice of appeal with the court of common pleas of the county in which she resided within fifteen days.
In support of her argument, appellant cites decisions from the Second and Fifth District Courts of Appeal which have held that a court of common pleas has jurisdiction to hear an administrative appeal, pursuant to R.C. 124.34 and 119.12, as long as a notice of appeal is filed with the appropriate agency within fifteen days. See Hayes v. Montgomery Cty. Bd. of Commrs. (1994),94 Ohio App.3d 597; Hagan v. Marlboro Township Board of Zoning Appeals (Jan. 29, 1996), Stark App. No. 95 CA 0086, unreported; State Med. Bd. of Ohio v. Brasseur (July 2, 1986), Licking App. No. CA 3171, unreported. According to these cases, the fifteen-day filing requirement in R.C. 119.12 does not apply to the filing of a copy of the notice of appeal with the court of common pleas. These courts have reasoned that R.C. 119.12 merely provides that a copy "shall also be filed by the appellant with the court" and does not specifically state that a "copy of the notice" must be filed within fifteen days. In addition, the Hayes decision relied upon R.C. 2505.04, which provides that an administrative appeal is perfected when a notice of appeal is filed with the appropriate agency. Hayes at 601.
Acknowledging that its interpretation directly conflicted with the cases discussed above, the Tenth District Court of Appeals has held that the timely filing of the copy of a notice of appeal with the court of common pleas is a jurisdictional requirement pursuant to R.C. 119.12. In re Namey (1995), 103 Ohio App.3d 322; Drolshagen v. Ohio Dept. of Adm. Servs. (June 13, 1996), Franklin App. No. 95APE11-1410, unreported. The Tenth District reasoned that the Hayes court's reliance upon R.C. 2505.04 was misplaced. "Generally, the procedural rules of R.C. 2505.03(B) and R.C. Chapter 2505 as a whole do not apply when they conflict with specific provisions of R.C. Chapter 119." In re Namey at 325. Moreover, the court found that R.C. 119.12 imposed a mandatory requirement that a copy of the notice of appeal be filed with the court of common pleas, and the "language `such notices of appeal shall be filed within fifteen days' necessarily requires that both the notice of appeal filed with the agency, and the copy of the notice of appeal filed with the court must be filed within fifteen days." Id. Finally, the court concluded that its interpretation of R.C. 119.12 would enable agencies and the courts to handle administrative appeals more efficiently and expeditiously, as intended by the statute. Id.
We recently followed the Tenth District's interpretation of R.C. 119.12 in Saxour v. Ohio Dept. of Rehab. and Corr. (Mar. 3, 1997), Madison App. No. CA96-10-046, unreported, and held that a party must file both the notice of appeal with the SPBR and the copy of the notice of appeal with the proper court within the fifteen-day period set forth in R.C. 119.12 in order for a court of common pleas to have jurisdiction over the appeal. We agree with the reasoning of the Tenth District and believe that this interpretation is more consistent with the language of R.C.119.12 which mandates that "such notices of appeals shall be filed within fifteen days."
After reviewing the record, we find that appellant was a resident of Madison County at all times relevant to this case. A review of the record also reveals that the SPBR issued its decision on July 10, 1996. Appellant did not file a copy of the notice of appeal with the Madison County Court of Common Pleas until September 24, 1996.[1] Therefore, appellant failed to file a copy of her notice of appeal with the court of common pleas in the county in which she resided within fifteen days as required by R.C. 119.12 and 124.34. Accordingly, the trial court did not err in dismissing appellant's appeal for lack of subject matter jurisdiction and appellant's first assignment of error is overruled.
In her second assignment of error, appellant argues that she was denied her constitutional right to due process because of the ambiguous and confusing language of R.C. 119.12. A review of the record reveals that appellant did not raise any claims regarding the constitutionality of R.C. 119.12 in the trial court. Generally, an appellate court will not consider an issue regarding the constitutionality of a statute or its application where the issue was not presented for consideration in the trial court. State v. Awan (1986), 22 Ohio St.3d 120, syllabus; Lewis v. East Clinton Local School District (Aug. 19, 1996), Clinton App. No. CA96-03-003, unreported.
Although the "waiver doctrine" that constitutional issues not raised in the trial court cannot be raised on appeal is discretionary, see In re M.D. (1988), 38 Ohio St.3d 149, the present case does not present plain error or special circumstances that warrant an exception to the waiver doctrine. "A party to an R.C. 119.12 appeal cannot raise a constitutional challenge for the first time in the court of appeals." J.B. Car Company, Inc. v. BMV, Motor Vehicle Dealers Board (June 17, 1997), Franklin App. No. 96APE11-1586, unreported; Kimberly Entertainment Corp. v. Liquor Control Comm. (Nov. 26, 1996), Franklin App. No. 96APE05-581, unreported. Therefore, we will not consider the constitutional issues raised by appellant and her second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Appellant's filing with the Franklin County Court of Common Pleas did not perfect her appeal, because it was not filed in the court of common pleas for the county in which she resided. R.C.124.34. Appellant's appeal to the Franklin County Court of Common Pleas was dismissed for lack of subject matter jurisdiction pursuant to R.C. 124.34. This decision was affirmed in Nibert v. Dept. of Rehabilitation Correction/London Correctional Institution (Apr. 29, 1997), Franklin App. No. 96APE10-1344, unreported.