[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 100.]

NIBERT, APPELLANT, *v.* OHIO DEPARTMENT OF REHABILITATION AND
CORRECTION, APPELLEE.

[Cite as *Nibert v. Ohio Dept. of Rehab. & Corr.*, 1998-Ohio-506.]

*Administrative procedure–Appeal by party adversely affected by order of state
agency–Failure to file notice of appeal within fifteen-day period set forth
in R.C. 119.12 deprives common pleas court of jurisdiction over the
appeal.*

The failure to file a copy of the notice of appeal within the fifteen-day period as set
forth in R.C. 119.12 deprives the common pleas court of jurisdiction over
the appeal.

(Nos. 97-1905 and 97-1997--Submitted September 16, 1998--Decided December
9, 1998.)

APPEAL from and CERTIFIED by the Court of Appeals for Madison County, No.
CA96-11-050.

_____

{¶ 1} Marie Nibert, appellant, was employed as a Personnel Officer 3 at the
London Correctional Institution. On March 18, 1996, she received a disciplinary
order notifying her that she was being reduced in pay and position to Personnel
Officer 2 for insubordination and alteration of documents.

{¶ 2} On March 25, 1996, appellant appealed her reduction to the State
Personnel Board of Review ("SPBR"), which eventually affirmed the disciplinary
order on July 10, 1996. On July 25, 1996, Nibert timely filed the notice of appeal
with the SPBR. However, she mistakenly filed a copy of the notice of appeal in the

Franklin County Court of Common Pleas rather than in her county of residence, Madison County, where it was required to be filed.[1]

{¶ 3} Upon realizing the mistake, appellant filed a copy of the notice of appeal in Madison County on September 24, 1996. Appellant also filed a motion to transfer the appeal from Franklin County to Madison County, but the motion was denied for lack of subject matter jurisdiction. Since it held that the copy of the notice was filed beyond the fifteen-day deadline imposed by R.C. 119.12, the Madison County Court of Common Pleas dismissed the case for lack of subject matter jurisdiction on October 28, 1996. The Twelfth District Court of Appeals affirmed the dismissal for lack of subject matter jurisdiction. Appellant then filed a discretionary appeal with this court, as well as a motion to certify a conflict among the courts of appeals, which the Twelfth District Court of Appeals granted. This court allowed the discretionary appeal, determined that a conflict exists, and ordered the cases consolidated.

———————————

*Tanner, Mathewson & Hansgen* and *Shirley C. Hansgsen*, for appellant.

*Betty D. Montgomery*, Attorney General, and *John B. Kahle*, Assistant Attorney General, for appellee.

*Betty D. Montgomery*, Attorney General, *Peter M. Thomas* and *Anne Berry Strait*, Assistant Attorneys General, urging affirmance for *amici curiae*, State Personnel Board of Review et al.

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 4} The court of appeals certified the following issue for our determination: "When a party files a notice of appeal with an administrative agency within the fifteen-day period set forth in R.C. 119.12, but fails to file a copy of the

———————————

1. Under R.C. 124.34, appeals of disciplinary reductions must be filed in the court of the county where the employee resides.

notice of appeal with the appropriate court of common pleas within the fifteen-day period, does the court of common pleas have subject matter jurisdiction over the appeal?" For the reasons that follow, we answer the question in the negative. The failure to file a copy of the notice of appeal within the fifteen-day period as set forth in R.C. 119.12 deprives the common pleas court of jurisdiction over the appeal. Therefore, we affirm the judgment of the court of appeals.

{¶ 5} R.C. 119.12 states, "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided by this section."

{¶ 6} Appellant urges us to construe R.C. 119.12 so that only the filing of the notice of appeal to the agency, and not a copy of the notice to the appropriate common pleas court, is necessary to confer subject matter jurisdiction. Such was the case in *Hayes v. Montgomery Cty. Bd. of Commrs.* (1994), 94 Ohio App.3d 597, 641 N.E.2d 277, where the court held that the failure to file a copy of the notice of appeal was not a jurisdictional defect. Rather, the appellate court stated that "the only requirement to invoke the jurisdiction of [the common pleas court] is the timely filing of a notice of appeal with the agency concerned." *Id.* at 599, 641 N.E.2d at 278. The court in *Hayes* relied on R.C. 2505.04, which states that an appeal is perfected by the timely filing of the notice of appeal with the particular agency. See, also, *State Med. Bd. of Ohio v. Brasseur* (July 2, 1986), Licking App. No. CA3171, unreported, 1986 WL 7735.

{¶ 7} However, the court of appeals in *In re Namey* (1995), 103 Ohio App.3d 322, 659 N.E.2d 372, discretionary appeal not allowed (1995), 74 Ohio St.3d 1408, 655 N.E.2d 187, interpreted the language of R.C. 119.12 to mean that both the actual notice of appeal and the copy filed with the court must be filed

within the fifteen-day period. *Namey* stated, "R.C. 119.12 specifically provides that a copy of such notice of appeal shall be filed with the court. This court further holds that the language 'such notices of appeal shall be filed within fifteen days' necessarily requires that both the notice of appeal filed with the agency and the copy of the notice of appeal filed with the court must be filed within fifteen days. This court holds that appellant's failure to file a copy of the notice of appeal with the court within fifteen days constituted a jurisdictional defect." *Id.* at 325, 659 N.E.2d at 374. The court held that that interpretation promoted the expeditious handling of administrative appeals. *Id.* at 325-326, 659 N.E.2d at 374. Furthermore, it held that the *Hayes* court improperly relied on R.C. Chapter 2505, as R.C. 2505.03 specifically states that the chapter applies only if the appeal is not governed by R.C. 119.12. *Id.* at 325, 659 N.E.2d at 374.

{¶ 8} We agree with the rationale of the *Namey* decision. Appellant urges us to liberally construe R.C. 119.12 in favor of her right to appeal. However, "[t]here is no need to liberally construe a statute whose meaning is unequivocal and definite." *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 525, 634 N.E.2d 611, 614. We believe it is clear from the statute's own language that the fifteen-day filing requirement applies to both the notice of appeal and the copy of the notice filed with the court. R.C. 119.12 states, "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court." It then states that such "notice*s* of appeal" shall be filed within fifteen days. (Emphasis added.) In construing a statute, R.C. 1.42 requires that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Taken in its most logical context, the plural "notices of appeal" obviously encompasses both the notice of appeal and the copy of the notice of appeal referred to in the preceding sentences.

**{¶ 9}** As *Namey* found, this interpretation enables administrative agencies and the courts to expeditiously handle such appeals. Even if the terms of R.C. 119.12 are considered ambiguous, we would still be authorized by R.C. 1.49 to consider the legislative intent of the statute and the consequences of a particular construction. *Lynch v. Gallia Cty. Bd. of Commrs.* (1997), 79 Ohio St.3d 251, 254, 680 N.E.2d 1222, 1224. R.C. 119.12 states that the courts must give preference to R.C. 119.12 appeals over all other civil cases, irrespective of the proceedings on the calendar of the court. Obviously, the legislature recognized through R.C. 119.12 the need for prompt disposition of such appeals. Applying a standard fifteen-day deadline to both the notice of appeal and the copy of the notice of appeal simplifies the filing requirements of R.C. 119.12 and promotes procedural efficiency. Contrary to this analysis, appellant's interpretation would lead to unnecessary confusion, uncertainty, and delay.

**{¶ 10}** As we stated in *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision* (1998), 80 Ohio St.3d 621, 623, 687 N.E.2d 746, 748, "the filing requirement runs to the core of procedural efficiency and is essential to the proceeding." Since appellant failed to file a copy of the notice of appeal within the fifteen-day period as required by R.C. 119.12, the Madison County Common Pleas Court was without jurisdiction to hear the matter and properly dismissed the appeal. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————