This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
Plaintiff Cheryl Learn has appealed from a judgment of the Medina County Common Pleas Court that dismissed her appeal. This Court affirms.
 I.
On February 11, 1998, the Ohio Bureau of Motor Vehicles (BMV) mailed a notice of suspension to Ms. Learn to inform her that her license was suspended for failure to show proof of insurance as required by Section 4509.101 of the Ohio Revised Code. The notice informed her that she could avoid the suspension by sending BMV proof of insurance or other financial responsibility coverage within fifteen days of the date of the notice. Additionally, the notice informed her that, if she could not provide proof of insurance, she could request a hearing. A request for a hearing had to be made within ten days after the mailing of the notice and had to be accompanied by a thirty-dollar check or money order for the hearing fee.
Ms. Learn took no action within the ten-day period. According to Ms. Learn, on February 23, 1998, she mailed a request for a hearing to BMV, by overnight mail. Subsequently, on February 26, 1998, BMV mailed Ms. Learn a letter denying her request for a hearing because the request was not received within the ten-day period.
Ms. Learn initiated an appeal to the Medina County Common Pleas Court on March 25, 1998. BMV moved the court to dismiss the appeal alleging two separate grounds. First, BMV asserted that Ms. Learn had failed to exhaust her administrative remedies by not timely requesting an administrative hearing. Second, BMV asserted that Ms. Learn had failed to file a timely notice of appeal with the common pleas court. Ms. Learn responded claiming that her request for a hearing, received by BMV fifteen days after the mailing of the Notice of Suspension, was timely filed pursuant to the Ohio Rules of Civil Procedure.
The common pleas court found that the time calculations of Rule 6 of the Ohio Rules of Civil Procedure did not apply in an administrative hearing matter under Chapter 119 of the Ohio Revised Code. Accordingly, it held that Ms. Learn's request for a hearing was not timely and dismissed her appeal. Ms. Learn timely appealed that determination to this Court, asserting one assignment of error.
 II.
Assignment of Error
 The trial court erred in determining that a request for hearing pursuant to [Section 4509.101] not filed within ten calendar days is untimely where such request for hearing is timely pursuant to Rule 6 of the Ohio Rules of Civil Procedure.
Ms. Learn has argued that her request for a hearing was timely pursuant to the Ohio Rules of Civil Procedure. An analysis of her assignment of error is, however, unnecessary because the trial court did not have jurisdiction to hear her appeal.
Section 119.12 of the Ohio Revised Code establishes the procedure that must be followed in appealing adverse orders of administrative agencies. Section 119.12 provides, in pertinent part:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court.
 Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. (Emphasis added.)
Failure to file a copy of the notice of appeal with the court within fifteen days constitutes a jurisdictional defect. In reNamey (1995), 103 Ohio App.3d 322, 325.
Ms. Learn filed her notice of appeal on March 25, 1998. The notice of appeal stated that she was appealing from "the decision of the State of Ohio Bureau of Motor Vehicles which suspended her driver's license." In her brief in opposition to BMV's motion to dismiss, she noted that she was not appealing from the suspension of her driver's license. She asserted that she was attempting to appeal from BMV's denial of her request for a hearing. BMV's notice of suspension was dated February 11, 1998. The letter from BMV denying her request for a hearing was dated February 26, 1998. Regardless of which decision she was attempting to appeal, her notice of appeal was not filed within fifteen days of either determination. Accordingly, the trial court did not have jurisdiction to hear her appeal.
Further, the Medina County Court of Common Pleas was not the proper forum for Ms. Learn's appeal. Section 119.12 further provides, in part:
 Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident,
* * *
 Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. (sic) of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located.
The first paragraph of that section contemplates an appeal from four specific types of adjudication: (1) denying an applicant admission to an examination; (2) denying the issuance or renewal of a license or registration of a licensee; (3) revoking or suspending a license; or (4) allowing the payment of a forfeiture under Section 4301.252 of the Ohio Revised Code. The second paragraph of that section states that any other adjudication, except for an appeal of an order of the fire marshal, may be appealed to the court of common pleas of Franklin County.
Ms. Learn's appeal from the denial of her request for a hearing does not fall under any of the specific types listed in the first paragraph of Section 119.12. The second paragraph, therefore, is controlling. Pursuant to that paragraph, an appeal from any other adjudication may be filed in Franklin County. Accordingly, although the Franklin County Court of Common Pleas would have had jurisdiction to hear Ms. Learn's appeal from the denial of her request for a hearing, the Medina County Court of Common Pleas did not. See, e.g., Parker v. Ohio State RacingComm. (1998), 128 Ohio App.3d 575, 579, f.n. 1; In re Glowacki
(Aug. 7, 1981), Lucas App. No. L-81-007, unreported, 1981 Ohio App. LEXIS 13561.
"[W]here the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." State v. Allen
(1996), 77 Ohio St.3d 172, 173 quoting Agricultural Ins. Co. v.Constantine (1944), 144 Ohio St. 275, 284. Therefore, even though the trial court dismissed Ms. Learn's appeal on different grounds, the trial court's dismissal of her appeal was proper.
 III.
Ms. Learn's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________________ BETH WHITMORE FOR THE COURT
SLABY, P.J., BATCHELDER, J., CONCUR.