DECISION
Appellant, Ronald Lewis Smith, appeals from the October 24, 2000 decision and judgment entry of the Franklin County Court of Common Pleas granting appellee's, Ohio State Department of Commerce's, motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, we affirm.
On April 28, 2000, appellee issued a Final Order to Deny Application for License. On May 12, 2000, appellant filed a notice of appeal in the Franklin County Court of Common Pleas. On May 15, 2000, appellant filed a copy of the notice of appeal with appellee by facsimile, followed by a hard copy received by appellee on May 16, 2000.
On August 16, 2000, appellee filed a motion to dismiss asserting that the court of common pleas was without jurisdiction to hear the appeal because appellant's filing of his notice of appeal was deficient. The trial court granted the motion, noting that R.C. 119.12 provides in pertinent part that:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *
The trial court then referred to this court's memorandum decision in Carnes v. Ohio Dept. of Commerce (Aug. 31, 2000), Franklin App. No. 99AP-1439, unreported, in which this court determined that failure to file the original notice of appeal with the agency within the allotted time constitutes a jurisdictional defect and that filing a copy with the agency, though timely, was not sufficient. Although the trial court believed that the Carnes decision appeared to exalt form over substance, it nevertheless dismissed the appeal based on Carnes and found that a copy of the notice of appeal filed by facsimile with appellee within the allotted time was insufficient.
This appeal followed, with appellant asserting as error, the following:
 I. THE COMMON PLEAS COURT ERRED IN DISMISSING THIS ADMINISTRATIVE APPEAL ON A MOTION FILED AFTER THE DISPOSITIVE MOTION DEADLINE IMPOSED BY THE COURT'S SCHEDULING ORDER.
 II. THE COMMON PLEAS COURT ERRED IN DISMISSING THIS ADMINISTRATIVE APPEAL WHEN THE NOTICE OF APPEAL WAS FILED WITH THE COMMON PLEAS COURT AND A FACSIMILE WAS FILED WITH THE AGENCY WITHIN THE 15-DAY TIME LIMITS OF R.C. 119.12.
In his first assignment of error, appellant argues that, because the motion to dismiss was filed after the dispositive motion deadline set by the trial court, it was an abuse of discretion for the trial court to rule upon the merits of the motion. We disagree.
The essence of appellee's motion was that failure to file the original notice of appeal with the agency or the copy of the notice of appeal with the court within the fifteen days allotted under R.C. 119.12 was a jurisdictional defect that required the trial court to dismiss the appeal without any consideration of its merits. As a general rule, subject matter jurisdiction cannot be waived and may be raised at any time because a court that lacks subject matter jurisdiction lacks the power to hear the case. See State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70,78; State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept. (1998),82 Ohio St.3d 37, 39. In addition, it is generally recognized that a court having general jurisdiction of the subject matter of an action has initial authority to determine its own jurisdiction. State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37.
Thus, despite appellee's failure to file the motion to dismiss within the time specified in the scheduling order, the trial court was required to address the merits of the motion and dismiss the appeal if jurisdiction was lacking. See Nibert v. Ohio Dept. of Rehabilitation and Correction (1998), 84 Ohio St.3d 100, syllabus ("[t]he failure to file a copy of the notice of appeal within the fifteen-day period as set forth in R.C. 119.12 deprives the common pleas court of jurisdiction over the appeal"). The first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant first argues that the Franklin County Court of Common Pleas has adopted Loc.R. 109 which permits facsimile filings to be treated the same as if an original document had been filed with the clerk. Appellant contends that this local rule, not R.C. 119.12, controls the procedure that is permissible in perfecting the filing of a notice of appeal from an administrative agency decision. Accordingly, appellant argues that, since the court of common pleas was the court to which the appeal was to be perfected, the court's facsimile filing rule controls the procedure that is permissible in perfecting the filing of the notice of appeal from the agency determination.
Appellant also argues that nowhere in R.C. 119.12 is the word "original" used. Thus, this lack of a requirement in the statute for an original filing combined with the specific provisions of the local rule for facsimile filing should permit perfection of an appeal by the procedure used by appellant in this case.
Appellee counters by noting that the right of appeal from an administrative agency is conferred by statute and, accordingly, there must be strict compliance with the conditions of the statute before an appeal can be taken. Appellee argues that the plain language of the statute sets forth a dual filing requirement in order to perfect an appeal from an administrative agency covered by R.C. Chapter 119. Appellee argues that, under R.C. 119.12, an individual is required to file the original notice of appeal with the administrative agency and a copy of the notice of appeal with the court within fifteen days after the date of mailing of the agency's final order. Thus, according to appellee, failure to file the original notice of appeal with the agency and a copy with the court within the fifteen days allowed under R.C. 119.12 is a jurisdictional defect which requires the court to dismiss the appeal without any consideration of the merits.
We agree with the rationale espoused by appellee. When the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute. Ramsdell v. Ohio Civil Rights Comm. (1990),56 Ohio St.3d 24, 27. In Proctor v. Giles (1980), 61 Ohio St.2d 211, which involved an appeal from a decision of the Unemployment Compensation Board of Review, the Supreme Court of Ohio held that, where the time for filing an appeal is dictated by a statute which confers the right of appeal, Civ.R. 6(E) cannot be applied to extend the time for filing. Specifically, the court held that the application of Civ.R. 6(E) would violate Civ.R. 82, which states "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of this state."
Here, by its terms, R.C. 119.12 requires that a notice of appeal, not a copy of a notice of appeal, be filed with the agency and a copy of the notice be filed with the court within the fifteen-day period. A facsimile, by its very nature is a copy. The local rule of the Franklin County Court of Common Pleas may not be applied to extend the jurisdiction of the court.
This court has previously held that the requirement that the notice of appeal be filed with the agency and a copy with the court is mandatory and jurisdictional. Carnes, supra. See, also, Harrison v. State Med. Bd. of Ohio (June 15, 1995), Franklin App. No. 94APE10-1457, unreported (on motion for reconsideration); In re Namey (1995), 103 Ohio App.3d 322, discretionary appeal not allowed (1995), 74 Ohio St.3d 1408.
Appellant has made persuasive arguments for a change in the law. Advances in photocopying, facsimile transmission, and electronic filing have, in many cases, rendered obsolete the need for filing an original, as opposed to a copy. However, the statute says what the statute says. While logic and advancements in technology would seem to dictate a change in how notices of appeal are handled, a change in the language of the statute is beyond the purview of this court. We are constrained by the plain language of the statute and, accordingly, must overrule the second assignment of error.
Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________ LAZARUS, J.
BOWMAN, J., concurs. KENNEDY, J., dissents.