DECISION
G D Inc., appellant, appeals a September 25, 2001 entry of the Franklin County Court of Common Pleas dismissing appellant's appeal of two orders of the Ohio State Liquor Control Commission ("commission"), appellee, in which the commission suspended appellant's liquor license for thirty days due to lack of subject matter jurisdiction.
On September 23, 2000, appellant, dba as Horseshoe Bar Restaurant in Crawford County, Ohio, was cited by the Department of Public Safety/Liquor for violations of R.C. 4301.22(B) and Ohio Adm. Code4301:1-1-52 in case No. 95-01, and violations of R.C. 4301.22(B) and Ohio Adm. Code 4301:1-1-21 and 4301:1-1-52 in case No. 96-01. A hearing on both cases was held before the commission on February 9, 2001. On March 14, 2001, via certified mail, the commission sent appellant two orders in which the commission ordered appellant's liquor license be suspended for a total of thirty days. The orders contained notice of appeal rights indicating that an appeal must be filed within twenty-one days in the "Court of Common Pleas with competent jurisdiction" and with the commission. Counsel for appellant averred that he contacted the commission and asked which county to file the appeal in, and a representative of the commission allegedly informed him to file in Crawford County, the county in which appellant's place of business is located.
On April 3, 2001, appellant filed a notice of appeal in the Crawford County Court of Common Pleas. On April 4, 2001, appellant filed a copy of the notice of appeal with the commission. On April 6, 2001, appellant then filed a notice of appeal in the Franklin County Court of Common Pleas with a request to stay the order of suspension. On April 9, 2001, the Franklin County court suspended the orders of the commission during the pendency of the appeal. On April 10, 2001, the commission received a cover letter and notice of appeal from appellant indicating that it was sending a "copy" of an "amended" notice of appeal that had been filed with the Franklin County Court of Common Pleas.
On July 16, 2001, the commission filed a motion to dismiss appellant's appeal in the Franklin County court on the basis that appellant had failed to file its notice of appeal within twenty-one days of the commission's orders. On September 25, 2001, the trial court granted the commission's motion to dismiss based upon a lack of subject matter jurisdiction. On October 1, 2001, appellant filed a motion to stay during the pendency of the appeal, which the trial court denied on the basis that it lacked jurisdiction to order such. Appellant appeals the lower court's judgment, asserting the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE COMMON PLEAS COURT ERRED IN FAILING TO DETERMINE THAT THE APPELLEE, LIQUOR CONTROL COMMISSION, HAD NOT COMPLIED WITH R.C. 119.09, WHICH REQUIRES THAT" — A STATEMENT OF THE TIME AND METHOD BY WHICH AN APPEAL MAY BE PERFECTED" MUST BE PROVIDED TO THE PARTY AFFECTED[.]
ASSIGNMENT OF ERROR NO. 2
 THE COURT ERRED IN FINDING IT LACK JURISDICTION WHERE A NOTICE OF APPEAL HAD BEEN TIMELY FILED WITH THE ADMINISTRATIVE AGENCY[.]
ASSIGNMENT OF ERROR NO. 3
 THE COURT ERRED IN DENYING A STAY UPON APPEAL ON THE BASIS OF A LACK OF SUBJECT MATTER JURISDICTION[.]
Appellant argues in its first assignment of error the trial court erred in failing to find that the commission had not complied with R.C. 119.09, which provides that the commission's order must include "a statement of the time and method by which an appeal may be perfected." Appellant's argument under this assignment of error is that the notice of appeal rights contained within the commission's order did not specifically direct it to file the appeal with the Franklin County Court of Common Pleas. The notice of appeal rights contained in the order of the commission indicated:
 Respondent is hereby notified this Order may be appealed pursuant to Ohio Revised Code Section 119.12 by filing a Notice of Appeal with the Ohio Liquor Control Commission, setting forth the Order appealed from and the grounds of the appeal. A copy of such Notice shall also be filed with the Court of Common Pleas with competent jurisdiction. Such Notices of Appeal must be filed within twenty-one (21) days after the mailing date of this order. The mailing date is shown on the lower, left corner of this order.
R.C. 119.12 provides, in pertinent part:
 Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, except that appeals from decisions of the liquor control commission, the state medical board, state chiropractic board, and board of nursing shall be to the court of common pleas of Franklin county. (Emphasis added.)
Appellant contends that the commission's notice of appeal rights contained in the order was inaccurate and incomplete so as to deny it due process. We disagree. Admittedly, the order could have been more specific and indicated precisely that appellant could appeal only to the Franklin County Court of Common Pleas, rather than nonspecifically refer to "the Court of Common Pleas with competent jurisdiction." However, appellant cannot claim that the generality of such notice was misleading or ambiguous given the direct citation to R.C. 119.12, which explicitly indicates that the only court with proper jurisdiction to hear appeals from Liquor Control Commission orders is the Franklin County Court of Common Pleas. In no way did the commission's instructions direct appellant to appeal to any other court. There could be little confusion of the proper filing procedure given the unequivocal language contained in R.C. 119.12. Appellant fails to present any compelling argument as to why it was unable to follow the directions as set forth in the statute, and it cites no other authority for the proposition that the language used by the commission in the notice of appeal rights constitutes a denial of due process. Therefore, appellant's first assignment of error is overruled.
Appellant argues in its second assignment of error the trial court erred in finding that it lacked jurisdiction where a notice of appeal had been timely filed with the administrative agency. Appellant contends that the only jurisdictional requirement to perfect its appeal was to file its notice of appeal with the commission, and that neither R.C. 119.12 nor general appellate practice require that a copy of the notice be filed with the court of common pleas within the same period. R.C. 119.12
provides, in pertinent part:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.
R.C. 4301.28 extends the fifteen-day appellate period to twenty-one days with regard to appeals from Liquor Control Commission orders.
In the present case, the commission's order was mailed on March 14, 2001. Appellant initially filed a notice of appeal with the Crawford County Court of Common Pleas on April 3, 2001, and then a notice of appeal with the commission on April 4, 2001, which were both within twenty-one days from the mailing of the order. On April 6, 2001, appellant then filed a notice of appeal in the Franklin County Court of Common Pleas, which was twenty-three days after the mailing of the commission's order. On April 10, 2001, twenty-seven days after the mailing of the commission's order, appellant filed a notice of appeal with the commission, which it labeled an "amended" notice of appeal.
Even assuming, arguendo, that the original April 4, 2001 notice of appeal appellant filed with the commission was sufficient to constitute timely notice to the commission, we find that appellant failed to timely file his notice of appeal with the Franklin County Court of Common Pleas. The right of appeal from an administrative order is not an inherent right; rather, it is a right conferred by statute. Arndt v. Scott (1955), 72 Ohio Law Abs. 189. Where a statute confers a right of appeal, the appealing party must strictly adhere to the statutory conditions. Holmes v. Union Gospel Press (1980), 64 Ohio St.2d 187, 188. In construing R.C. 119.12, the Ohio Supreme Court has stated that "`there is no need to liberally construe a statute whose meaning is unequivocal and definite.'" Nibert v. Ohio Dept. of Rehab. Corr. (1998),84 Ohio St.3d 100, 102, quoting Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn. (1994), 69 Ohio St.3d 521, 525. A party's failure to comply with the dictates of R.C. 119.12 deprives a trial court of jurisdiction over the appeal. See id., citing In re Namey (1995), 103 Ohio App.3d 322.
R.C. 119.12 plainly provides that an appealing party shall file a notice of appeal with both the agency and with the court. The Supreme Court of Ohio has explicitly addressed this dual-filing requirement in Nibert, supra. In Nibert, which was an appeal from the State Personnel Board of Review, the Ohio Supreme Court found that when a party files a notice of appeal with an administrative agency within the specified period set forth in R.C. 119.12, but fails to file a copy of the notice of appeal with the appropriate court of common pleas within the specified period, the court of common pleas does not have subject matter jurisdiction over the appeal. The Ohio Supreme Court found it clear from the specific language of R.C. 119.12 that the filing requirement applies to both the notice of appeal and the copy of the notice filed with the court. Despite such a draconian result, little to no discretion exists with the trial court in determining such matters under the circumstances. See Anda-Brenner v. Ohio State Dental Bd. (2000), Portage App. No. 99-P-0064, citing Nibert. See, also, In re Namey, supra (interpreted the language of R.C. 119.12 to mean that both the actual notice of appeal and the copy filed with the court must be filed within the period set forth in R.C. 119.12). Appellant's citation to Hayes v. Montgomery Cty. Bd. of Commrs. (1994), 94 Ohio App.3d 597, is unpersuasive, given the Ohio Supreme Court in Nibert abrogated its holding. For the foregoing reasons, appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error the trial court erred in denying its motion for a stay on the basis of a lack of subject matter jurisdiction. We must first address an issue not raised by either party. On September 25, 2001, the trial court filed its judgment dismissing the action based upon a lack of subject matter jurisdiction. On October 18, 2001, appellant filed its notice of appeal and a motion to stay the commission's orders during the pendency of the appeal. The trial court denied such stay on November 6, 2001. Appellant's October 18, 2001 notice of appeal appealed only the September 25, 2001 judgment. Therefore, because appellant has only appealed the September 25, 2001 judgment, appellant cannot assign as error the trial court's denial of its stay in the November 6, 2001 decision and entry. Thus, appellant's third assignment of error is overruled.
Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BOWMAN, JJ., concur.