OPINION
{¶ 1} Plaintiff-appellant, LaTrail Miller, appeals a decision of the Mahoning County Court of Common Pleas dismissing the administrative appeal of the revocation of her child day care license.
 {¶ 2} Appellant had a Child Day Care Certificate and a Child Care Professional Type B Contract (which hereinafter will be referred to collectively as child day care license or license) issued by and in conjunction with defendant-appellee, the Mahoning County Department of Job and Family Services. Appellant, working as an independent contractor, provided child day care services to different children at different times throughout the day at her home. She then would periodically submit invoices to the county and, in return, the county would pay her for those services.
 {¶ 3} On March 18, 2002, appellee attempted to mail appellant a notice of its intent to revoke her license based on alleged violations and/or noncompliance with Child Day Care requirements established by R.C. Chapter 5104 and Ohio Adm. Code 5101:2-14, also known as the Joshua Rules Book. The notice listed two reasons for revocation. The first was "Denial, revocation and withdrawal of professional certification," citing Ohio Adm. Code5101:2-14-06(C-5). The second was "Provider qualifications for professional certifications," citing Ohio Adm. Code 5101:2-14-10
(L, N, O).
 {¶ 4} Initially, it appeared there may have been some question as to whether appellant received the March 18, 2002 notice. However, it is apparent that appellant implicitly acknowledged receipt of it when she sent a letter to appellee's Director demanding an appeal and a hearing on the matter. Appellant subsequently retained counsel to represent her. Appellee set a County Appeal Review Hearing for April 1, 2002. On March 28, 2002, appellant's counsel sent a letter to appellee requesting that the hearing be rescheduled for a later date. Appellant's counsel alleged that appellant did not receive notice of the hearing until March 27, 2002, leaving them inadequate time to prepare for the hearing. Additionally, appellant's counsel informed appellee that he already had a court appearance set for April 1, 2002. Both parties mutually agreed to reschedule the hearing for May 9, 2002, at 10:00 a.m.
 {¶ 5} On April 22, 2002, appellee attempted to mail to appellant an amended notice of its intent to revoke her license. The notice set forth the previously stated two reasons for revocation and added a third. The third reason was "Group size for professional certification," citing Ohio Adm. Code5101:2-14-16(A).
 {¶ 6} The time for the hearing arrived on May 9, 2002, at 10:00 a.m. Instead, the hearing did not commence until 10:37 a.m. Appellant was present with some of her witnesses, but her attorney had not yet appeared. Appellant was given the option of proceeding without her attorney or waiving the hearing altogether. Appellant decided to proceed in the absence of her attorney.
 {¶ 7} At the outset, appellee's position was to establish that appellant had committed violations of the rules and regulations governing the issuance of her license. First, appellee alleged that appellant had failed to provide them with a criminal background check on her husband, who was an adult living in the home where she was providing her day care services. Second, appellee alleged that appellant had failed to inform them and provide them information regarding her adult son who was also purportedly living in the home. Third, appellee alleged that appellant had exceeded the group size limit on numerous occasions.
 {¶ 8} An attorney representing appellee proceeded to present the testimony of its three witnesses and submitted numerous exhibits. Appellee's attorney then presented a closing argument to the hearing officer, resting its case.
 {¶ 9} Appellant's attorney arrived at the hearing approximately ninety-five minutes later at 12:12 p.m. Appellee's attorney contended that her witnesses were no longer available and that appellant was waiving any objections to their testimony. Appellant's attorney objected, then proceeded to present the testimony of their three witnesses, including appellant herself.
 {¶ 10} On May 20, 2002, the hearing officer recommended the revocation of appellant's license because she allegedly violated regulations concerning the number of children she is allowed to have under her care at any given time, specifically six. In other words, there were numerous occasions when appellant had more than six children under her care at any one given time.
 {¶ 11} On June 5, 2002, appellant appealed the May 20, 2002 "recommendation" to the Mahoning County Common Pleas Court. Appellant argued that appellee failed to comply with constitutional and/or statutory due process provisions. Specifically, appellant argued that appellee failed to provide her with adequate notice concerning the reasons for the proposed revocation of her license.
 {¶ 12} Preliminarily, a stay of the license suspension was granted then subsequently rescinded in September of 2002 because of further continuing violations and/or noncompliance on the part of appellant in the operation of her day care.
 {¶ 13} On September 25, 2002, appellant filed a memorandum in support of her administrative appeal. Appellant argued that she was denied due process of law. She argued that the notice of appellee's intent to revoke did not contain specific enough information concerning the reasons for proposed revocation. She also alleged procedural irregularities at the revocation hearing itself denied her due process of law. Lastly, appellant argued that the hearing officer's determination was not supported by reliable, probative, and substantive evidence in the record. Appellee filed a merit brief in opposition on October 15, 2002.
 {¶ 14} Thereafter, the record inexplicably falls silent for a period of two years, nine months, and twenty-six days. On August 10, 2005, a magistrate issued a decision suggesting that the trial court did not have subject matter jurisdiction to hear the appeal because it was untimely and that the decision appealed from did not constitute an adjudication for purposes of R.C.119.12. The magistrate also suggested that the lack of an adjudication could possibly have been the result of appellee failing to have filed a complete record of the proceedings, also required by R.C. 119.12. The magistrate concluded by setting the matter for a hearing on October 12, 2005, to hear arguments on whether the trial court had jurisdiction or if judgment should be entered in appellant's favor because she had been adversely affected by appellee's failure to file a complete administrative record.
 {¶ 15} On August 26, 2005, the same magistrate rescinded his August 26, 2005 decision and issued another decision. In that decision, the magistrate concluded that appellant was denied due process by both inadequate notice and an unfair hearing. The magistrate concluded that the matter should be remanded to appellee so that it could provide appellant with sufficient notice of the reasons for the proposed revocation of her license pertaining to the group size violations to enable her to prepare an adequate defense, including, minimally, the times and children involved in the alleged violations. The magistrate stated that appellee should then conduct another County Appeal Review hearing.
 {¶ 16} On September 6, 2005, appellee, prior to receiving the magistrate's August 26, 2005 decision, filed a motion to dismiss the administrative appeal. Appellee argued that the trial court lacked subject matter jurisdiction because the appeal was untimely and that the decision appealed from did not constitute an adjudication for purposes of R.C. 119.12.
 {¶ 17} On October 6, 2005, appellee filed objections to the magistrate's August 26, 2005 decision. In the objections, appellee simply reasserted the arguments that it made in it's September 6, 2005 motion to dismiss. Appellant filed a memorandum in opposition to appellee's objections on October 24, 2005, arguing that the magistrate was correct when it determined that appellant was denied due process by both inadequate notice and an unfair hearing.
 {¶ 18} On November 9, 2005, the trial court conducted a hearing to hear appellee's objections to the magistrate's decision. The trial court remanded the matter back to the magistrate to hear appellee's motion to dismiss.
 {¶ 19} On November 14, 2005, appellant also filed a memorandum in opposition to appellee's September 6, 2005 motion to dismiss. Appellant argued that the appeal was timely and that the magistrate's August 10, 2005 decision had already conclusively decided that issue. Appellant also argued that appellee had failed to file the complete administrative record of proceedings.
 {¶ 20} On November 29, 2005, a magistrate's decision dismissed appellant's administrative appeal based on a finding that the appeal was untimely and that the decision appealed from did not constitute an adjudication for purposes of R.C. 119.12. On December 9, 2005, appellant filed objections to the magistrate's decision dismissing the administrative appeal.
 {¶ 21} The trial court heard appellant's objections on February 3, 2005 and on February 15, 2006, the trial court issued a judgment entry indicating that it did not have jurisdiction because a notice of appeal was not timely filed and because appellant appealed a decision that was not a determination by the ultimate authority of appellee. This appeal followed.
 {¶ 22} Appellant raises six assignments of error. Since appellant's fourth assignment of error goes to that part of the trial court's decision finding that her appeal was untimely and could ultimately affect whether this Court has jurisdiction to hear the merits of her appeal, it will be addressed first. Appellant's fourth assignment of error states:
 {¶ 23} "The Trial Court Erred in Dismissing Appellant's Notice of Appeal as Untimely."
 {¶ 24} Appellant's appeal to this Court presents two preliminary issues which put into question the trial court's as well as this Court's subject matter jurisdiction to hear the appeal. The first issue is whether appellant timely appealed the decision to revoke her license in the trial court. The second issue is whether the decision appellant appealed from constitutes an adjudication for purposes of R.C. 119.12.
 {¶ 25} Concerning the first issue, R.C. 119.12 provides, in relevant part:
 {¶ 26} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section." (Emphasis added.)
 {¶ 27} The filing of a copy of a notice of appeal of an agency action with the court of common pleas is jurisdictional.Nibert v. Ohio Dept. of Rehab. Corr. (1998),84 Ohio St.3d 100, 702 N.E.2d 70; In re Namey (1995), 103 Ohio App.3d 322,659 N.E.2d 372. A trial court's dismissal of an action for lack of subject matter jurisdiction is a question of law that is reviewed on appeal independently of the trial court's analysis and decision. Gary Phillips Assoc. v. Ameritech Corp. (2001)144 Ohio App.3d 149, 154, 759 N.E.2d 833.
 {¶ 28} Appellant agrees that failing to file the notice of administrative appeal with the common pleas court within fifteen days deprives the court of jurisdiction to hear that appeal. However, appellant maintains that her notice of appeal was timely. Appellant contends that the May 20, 2002 hearing officer's "recommendation" was attached to a revocation letter dated and mailed to her on May 24, 2002, from appellee.
 {¶ 29} In this case, the order appellant was appealing from was the May 20, 2002 hearing officer's "recommendation" to the director of appellee that appellant's license should be suspended. Appellant did not file her appeal with the Mahoning County Common Pleas Court until sixteen days later on June 5, 2002. Therefore, appellee and the trial court maintain that appellant was one day late in filing her appeal.
 {¶ 30} The record does not support the trial court's decision in that regard. On September 6, 2005, appellee filed a motion to dismiss appellant's appeal on the basis that it was untimely and that the decision appealed from did not constitute an adjudication for purposes of R.C. 119.12. On November 14, 2005, appellant filed a memorandum in opposition to appellee's motion to dismiss. To that memorandum, appellant attached a letter, dated May 24, 2002, that she received from appellee informing her that her license was revoked. The letter stated that the revocation was based on the hearing officer's May 20, 2002 recommendation. Attached to that letter was a copy of the recommendation.
 {¶ 31} Since appellee's notification to appellant that her license was revoked was dated May 24, 2005, it presumably could not have been mailed to appellant prior to that date. Therefore, the May 20, 2002 date that appears on the hearing officer's recommendation, and relied upon by appellee and the trial court alike, is irrelevant for purposes of calculating the time to file appellant's appeal. R.C. 119.12 specifically states that the time for filing an appeal runs from fifteen days after the mailing
of the agency's decision. Given a May 24, 2002 mailing dated, appellant had until June 8, 2002, to file her appeal. Appellant filed her appeal on June 5, 2002, within the statutory time frame. Consequently, appellant timely filed her appeal and the trial court erred in finding that it was untimely.
 {¶ 32} In addition, the record before us implicates another portion of R.C. 119.12 which states:
 {¶ 33} "Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *."
 {¶ 34} Turning to the second issue, R.C. 119.01(D) defines an adjudication as follows:
 {¶ 35} "`Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."
 {¶ 36} "[T]o constitute an `adjudication' for the purposes of R.C. 119.12, a determination must be (1) that of the highest or ultimate authority of an agency which (2) determines the rights, privileges, benefits or other legal relationships of a person. Both elements are required." Russell v. Harrison Twp. (1991),75 Ohio App.3d 643, 648, 600 N.E.2d 374.
 {¶ 37} In this case, appellant's notice of appeal refers to the hearing officer's May 20, 2002 recommendations which formed the sole basis of appellee's decision to ultimately revoke appellant's license. Appellant also attached those recommendations to her notice of appeal. The trial court concluded that the recommendations did not constitute an adjudication for purposes of R.C. 119.12 because they were nothing more than recommendations and not a determination by the highest or ultimate authority of the agency.
 {¶ 38} Here again, the record does not support the trial court's finding in that regard. We refer again to the letter appellee mailed to appellant on May 24, 2002, informing appellant that her license was suspended. The letter states, in part, "Based upon the Hearing Officer's findings, effective May 31, 2002, your Child Care Certificate is revoked and your contract with the Mahoning County Department of Job and Family Services is terminated." The letter clearly establishes that appellant's license was indeed revoked and that the hearing officer's May 20, 2002 recommendations formed the sole basis for that determination. Additionally, the letter is signed by appellee's director, Delores Crawford, making it a determination by the highest or ultimate authority of the agency. Therefore, appellant was appealing an adjudication made by appellee and the trial court erred in finding to the contrary.
 {¶ 39} Accordingly, appellant's fourth assignment of error has merit.
 {¶ 40} Appellant's fifth assignment of error states:
 {¶ 41} "The Trial Court Erred in Granting a Motion to Dismiss Previously Adjudicated and Denied by the Magistrate's Decision of August 10, 2005."
 {¶ 42} Appellant argues the magistrate had already concluded that appellant's appeal complied with the statute in its August 10, 2005 decision and that that decision should have stood. Contrary to appellant's assertion, the magistrate did not come to a conclusion on those issues in its August 10, 2005 decision. Rather, the magistrate suggested that there may be issues concerning the timeliness of the appeal and whether the order appealed from constituted an adjudication. The magistrate set a hearing in order to address the issues, but the hearing ultimately never materialized. In addition, our disposition of appellant's fourth assignment of error in her favor, in essence, renders this assignment of error moot.
 {¶ 43} Accordingly, appellant's fifth assignment of error is without merit or, in the alternative, moot.
 {¶ 44} Appellant's first assignment of error states:
 {¶ 45} "The Notice of Administrative Hearing Failed to Comply with the Due Process Mandates of O.A.C. 5101:2-14-06."
 {¶ 46} Appellant's second assignment of error states:
 {¶ 47} "The Appellant Was Not Afforded an Opportunity to Be Heard at the Administrative Hearing When She Was Compelled to Proceed in Absence of Her Counsel Who Was Unavoidably Detained in an Earlier Judicial Proceeding."
 {¶ 48} Appellant's third assignment of error states:
 {¶ 49} "The Decision of the Administrative Hearing Officer Must Be Set Aside as Unsupported by Reliable, Probative, and Substantial Evidence."
 {¶ 50} Appellant's sixth assignments of error states:
 {¶ 51} "The Failure of the Administrative Agency to File With the Court a Complete Record on Appeal Within Twenty Days, or Such Additional Time as Permitted by the Court, Requires the Court Find in Favor of Appellant and to Issue Judgment for the Appellant."
 {¶ 52} The issues raised in appellant's first, second, third, and sixth assignments of error were never addressed by the trial court. It never addressed the merits of those arguments because it incorrectly determined that it did not have subject matter jurisdiction in the first instance. This Court has subscribed to the general rule in Ohio that appellate courts do not consider issues that the trial court did not address. Padula v. Hall,
7th Dist. No. 03-MA-235, 2004-Ohio-4823, at ¶ 24, citing Bowenv. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, 89, 585 N.E.2d 384. Therefore, since we have now determined that the trial court did have jurisdiction to hear the merits of appellant's appeal, this matter is remanded to the trial court to pass upon the merits of appellant's arguments.
 {¶ 53} The judgment of the trial court is hereby reversed and remanded for further proceedings according to law and consistent with this Court's opinion.
Waite, J., concurs.
DeGenaro, J., concurs.