**MOORE, Plaintiff-Appellant, v. FOREACHER et,
Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4509.   Decided February 21, 1951.

Coughlin, Ogier & Lloyd, Robert A. Ramsey, Columbus, for appellant.

Herbert S. Duffy, C. Wm O'Neill, Attys. Genl., James B. Dooley, J. Ralston Werum, Asst. Attys. Genl., Columbus, for appellees.

## OPINION

By WISEMAN, J.

This is a law appeal from the judgment of the Common Pleas Court of Franklin County dismissing the appeal from the determination of the Board of Review, Bureau of Unemployment Compensation, denying claimant's application for unemployment compensation.

During the pendency of the appeal in the Common Pleas Court the Board of Review, Bureau of Unemployment Compensation, filed a motion to dismiss the appeal for the reason that the notice of appeal failed to set forth the decision appealed from as required by law. Before this motion was decided the appellant filed a motion for an order permitting the filing of an amended notice of appeal which was tendered with the motion. The Court sustained the motion to dismiss the appeal and overruled the motion to permit appellant to amend the notice of appeal.

Two errors are assigned: The dismissal of the appeal was contrary to law; and the court erred in refusing appellant permission to amend the notice of appeal.

The principal question for determination is whether the notice of appeal complied with the requirements of §1346-4 GC, the pertinent part of which provides as follows:

"* * * Such appeal shall be taken by the filing by appellant of a notice of appeal with the clerk of such court and with the board of review. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of."

The notice of appeal in the instant case states:

"That the decision appealed from is numbered on the Appeals Docket for the Board of Review—Bureau of Unemployment Compensation No. 105497, 13915 - REF. - 49, 151 - BR - 50, and the Social Security number of the appellant herein is 566 - 34 - 8570. Appellant further says that the decision of the Board of Review was to the effect that the appellant herein was not available for work, whereas, in truth and in fact, the appellant was available for work."

Appellant contends that the notice of appeal met the statutory requirement by designating the decision appealed from by the appropriate number and in stating the substance of the decision. In support of this contention appellant cites **Castleberry v. Evatt, 147 Oh St 30,** 67 N. E. (2d) 861, which involved an appeal from the Board of Tax Appeals to the Supreme Court. The sufficiency of the notice of appeal was challenged. The statutory requirement applicable to appeals from the Board of Tax Appeals is found in **§5611-2 GC,** the pertinent part being as follows:

"Such notice of appeal shall set forth the decision of the Board of Tax Appeals appealed from and the errors therein complained of."

The statutory requirement under consideration in the Castleberry case is similar to the statutory provision applicable here. The notice of appeal in that case is set forth on

page 37 in the dissenting opinion by Judge Zimmerman as follows:

"* * * he (appellant) desires and intends to appeal to the Supreme Court of Ohio from a judgment of the Board of Tax Appeals entered in cause number 9523 on November 7, 1945, reversing an order and judgment theretofore made and entered by the Hon. William S. Evatt, former Tax Commissioner, wherein a tax assessment was levied against one J. P. Castleberry of Mariemont in the State of Ohio. * * * Said entry of judgment is erroneous and contrary to law in finding as a matter of law and fact that the milk which was the subject matter of the sales was sold to be consumed off the premises where sold."

Judge Matthias, writing the opinion for the majority, on page 31 said:

"The writer of this opinion entertains the view that the notice of appeal from the Board of Tax Appeals to this court does not comply with the requirement specified in §5611-2 GC, that 'such notice of appeal shall set forth the decision of the Board of Tax Appeals appealed from'; and therefore that the general provision of §12223-5 GC, which reads, 'the notice of appeal shall designate the order, judgment, or decree appealed from,' has no application to this proceeding.

"However, the majority of the court having ruled against the motion to dismiss the appeal, we proceed to a consideration of the case on its merits."

Judge Zimmerman dissented on the merits but agreed with the majority on the question of the sufficiency of the notice. On this question we quote from Judge Zimmerman's opinion, beginning on page 36:

"As to the first question, §5611-2 GC, relating to appeals from decisions of the Board of Tax Appeals to the Supreme Court, provides in part:

" 'Such notice of appeal shall set forth the decision of the Board of Tax Appeals appealed from * * *.'

"It is important to note that such section, unlike §5611 GC, pertaining to appeals from final determinations of the Tax Commissioner to the Board of Tax Appeals, says nothing concerning the inclusion of any paper in the notice of appeal by way of attachment or incorporation.

"The terms 'set forth' and 'set out' ordinarily mean to recite or narrate facts or circumstances; to describe or to incorporate. See Black's Law Dictionary (3 Ed.), 1612.
"* * *

"The principal function of a notice of appeal is to advise the opposite party of the taking of an appeal. Statutes re-

lating to appeals are remedial and should be liberally construed to the end that the right of appeal may not be defeated. **Commonwealth Oil Co. v. Turk, 118 Oh St., 273, 160 N. E., 856; 37 O. Jur., 732, Section 411.**

"The notice of appeal here involved was filed with the Board of Tax Appeals within the thirty-day limitation. It adequately describes and sets forth the decision complained of and was sufficient to satisfy the demands of §5611-2 GC. See **Capital Loan & Savings Co. v. Biery, 134 Oh St, 333, 16 N. E. (2d), 450; Trotwood Trailers, Inc., v. Evatt, Tax Commr., 142 Oh St, 197, 51 N. E. (2d), 645.**

"It is the general rule that, although a notice of appeal should comply substantially with statutory requirements, it is usually sufficient if it contains enough information to apprise the opposite party of the particular judgment which is sought to be reviewed. 3 American Jurisprudence, 168, Section 470; 4 Corpus Juris Secundum, 1061, Section 593."

The essence of Judge Zimmerman's ruling is that a substantial compliance with the requirements of the statute is sufficient. This opinion standing alone would lend no support to the contention of counsel for the Bureau that substantial compliance is not sufficient. Counsel for the Bureau specifically contends that the statute (**§1346-4 GC**) requires the appellant to set forth the decision appealed from and that this requirement is mandatory; that the statutory provision requires the appellant to set forth the entire decision appealed from; that unless appellant complies with the statute the Court is without jurisdiction. In support of this proposition counsel for the Bureau cites the case of **Zier v. Bureau of Unemployment Compensation, 151 Oh St 123, 84 N. E. (2d) 746,** the first syllabus of which is as follows:

"An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."

On page 127 of the opinion, which was written by Judge Matthias, the Court states:

"* * * but compliance with the requirements as to the filing of the notice of appeal—the time of filing, the place of filing and the content of the notice as specified in the statute —are all conditions precedent to jurisdiction.

"The notice of appeal involved herein is not sufficient to meet the requirements of the statute in that it fails to set forth the decision appealed from or the errors therein complained of."

In that case the same statutory provision was under consideration as in the instant case. The pronouncement of the

Supreme Court in that case must be read in light of the notice of appeal which the appellant filed in that case. The notice of appeal read as follows:

"The undersigned claimant hereby gives notice of appeal from the decision of the board of review denying the right to compensation, in accordance with his right to appeal under §1346-4 GC."

We readily agree that the notice of appeal in that case did not set forth the decision appealed from or the errors complained of. The Court did not discuss or even cite the Castleberry case.

In the final analysis we are here required to determine the meaning of the statutory words "set forth." In the Castleberry case Judge Zimmerman cites Black's Law Dictionary which defines "set forth" to mean: "to recite or narrate facts or circumstances; to describe or to incorporate."

We find no opinion of the Supreme Court, or of an Appellate Court in this state to the effect that §1346-4 GC, requires the entire decision to be incorporated in the notice of appeal. In our judgment the statute does not require, and we find no plausible reason for requiring, that the decision be set out verbatim. However, there are a number of Common Pleas Court opinions which take this view of the matter: Modern Builders, Inc., v. Collopy, Admr., No. 176443, Franklin County; Vera B. Roenker v. Board of Review, Franklin County, No. 176609; Ohio Seamless Tube Co. v. Millenbaugh, No. 31947, Richland County; In re Claim of Russell C. McKeever, No. 102129, Montgomery County; Thelma Holtkamp Gordon v. Board of Review, No. A-121258, Hamilton County. For an opinion contra, see Frigidaire Division v. Board of Review, case No. 100794, Montgomery County. We adopt the view taken by Judge Zimmerman in the Castleberry case in holding that statutes relating to appeals are remedial and should be given a liberal construction to the end that the right of appeal is not defeated. In support of this construction it is important to note that the Legislature, after the decision was announced in the Zier case, enacted §1345-33 GC, effective August 8, 1949, which provides:

"Secs. 1345-1 through 1346-4 inclusive GC, shall be liberally construed to accomplish the purposes thereof."

See Amended Senate Bill No. 142, Vol. 123, Ohio Laws, page 197.

This Court, rather recently, in the unreported case of Detelich v. Department of Liquor Control, No. 4434, Court of Appeals, Franklin County, decided October 2, 1950, held that under §154-73 GC, which provides that the notice of appeal

shall "set forth the order appealed from," it was not necessary to set forth a true copy of the order.

In our opinion prejudicial error was committed in dismissing the appeal.

If we are correct in our judgment that the appeal should not have been dismissed no prejudicial error resulted in overruling appellant's motion to amend the notice of appeal. The appellant is in court on the notice of appeal as filed. If we are incorrect in our judgment and if the jurisdiction of the Court was not invoked on the ground of an insufficient notice of appeal, no amendment of the notice of appeal could confer jurisdiction on the court for the reason that the statutory time within which a notice of appeal could be filed had expired. We find no prejudicial error resulting in the action of the court in refusing appellant permission to amend the notice of appeal.

Judgment reversed and cause remanded for further proceedings according to law.

HORNBECK, PJ, MILLER, J, concur.