**MATTHEWS, Plaintiff-Appellant, v. ADMINISTRATOR BUREAU OF UNEMPLOYMENT COMPENSATION, Defendant-Appellee, and M. A. HANNA COMPANY, Defendant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22192. Decided October 1, 1951.

Miller, Davis & Folk, Cleveland, for plaintiff-appellant.

C. Wm. O'Neill, Atty. Genl., Jos S. Deutschle, Jr., J. Ralston Werum, Asst. Attys. Genl., Columbus, for defendant-appellee.

(DOYLE, J, of the Ninth Appellate District, sitting in place of HURD, J.)

## OPINION

By THOMPSON, J.:

This case is an appeal on questions of law from a judgment of the Common Pleas Court. The primary question involved is the interpretation of §1346-4 GC, with reference to appeals from the Board of Review of the Bureau of Unemployment Compensation, the pertinent provision of the section being the following language:

"* * * Such appeal shall be taken by the filing by the appellant of a Notice of Appeal with the clerk of such court and with the board of review. Such Notice of Appeal shall set forth the decision appealed from and the errors therein complained of * * *."

The plaintiff appellant was a claimant who filed a claim for

unemployment compensation with the Bureau of Unemployment Compensation.

The claim was heard in the first instance before a referee of the Bureau of Unemployment Compensation who rejected the claim. The claimant thereupon appealed from the referee's decision to the Board of Review of the Bureau of Unemployment Compensation. On April 18, 1950, the Board affirmed the previous decision of the Referee. On May 3, 1950, claimant filed a notice of appeal from the decision of the Board of Review in the Common Pleas Court of Cuyahoga County. The Notice of Appeal in that Court, after setting forth the caption of the case and the docket number of the claim at the Bureau of Unemployment Compensation, provided as follows:

"Sidney S. Matthews, appellant, erroneously designated as Sidney S. Matthew, in proceedings before the Bureau of Unemployment Compensation, hereby gives notice of appeal pursuant to §1346-4 GC from the decision of the Board of Review, Bureau of Unemployment Compensation, rendered on the 18th day of April, 1950, denying unemployment compensation to Sidney S. Matthews."

The notice of appeal then set forth nine reasons why the decision of the Board of Review was contrary to law, and five reasons why the decision was unreasonable. As a further ground of error the notice of appeal stated that the decision was against the manifest weight of the evidence.

In the Common Pleas Court, the defendant Administrator, Bureau of Unemployment Compensation, moved to dismiss the appeal on the ground that the notice of appeal was defective, in that it failed to comply with the requirements of §1346-4 GC, having failed to set forth verbatim the ruling of the Board of Review. The claimant thereupon asked leave to amend his notice of appeal in order to set out verbatim the decision of the Board of Review. The trial court overruled the motion to amend the notice of appeal and granted the motion to dismiss the appeal. The action of the trial court was based on the fact that the claimant had failed in his notice of appeal to set forth, in entirety, the decision of the Board of Review denying the claim.

In this court, plaintiff appellant urges error on the part of the trial court, first, in refusing to allow him to amend his notice of appeal and, second, in granting the motion to dismiss the appeal.

This court finds that the precise question here involved concerning the interpretation of §1346-4 GC, which requires that the notice of appeal in unemployment compensation cases **"shall set forth the decision appealed from,"** has heretofore

been passed upon in the case of **Moore v. Foreacher, Recr., 61 Abs 265,** decided by the Court of Appeals, 2nd District, Franklin County ( Judges Hornbeck, Miller & Wiseman). That court held that it is not necessary to set forth in the notice of appeal the entire opinion of the Board of Review and that it is sufficient to designate clearly the ruling or judgment appealed from, as by identification by number, date and ruling. We note that the Court of Appeals case referred to, reversing the Common Pleas Court of Franklin County, was carried to the Supreme Court of Ohio on motion to certify, that the Supreme Court granted the motion and that the case is now pending for decision on its merits in the Supreme Court.

This Court, on authority of Moore v. Foreacher, supra, and on the principles stated in **Castleberry v. Evatt, 147 Oh St 30,** finds that the trial court in this case committed error in its interpretation of §1346-4 GC. The law generally is summarized by Judge Zimmerman in the case of **Castleberry v. Evatt, 147 Oh St 30, pg. 38,** as follows:

"It is the general rule that, although a notice of appeal should comply substantially with statutory requirements, it is usually sufficient if it contains enough information to apprise the opposite party of the particular judgment which is sought to be reviewed. 3 American Jurisprudence, 168, Sec. 470; 4 Corpus Juris Secundum, 1061, Sec. 593."

We are supported in our views in the instant case by the provisions of §1346-33 GC, effective September 22, 1949, which declares as follows:

"Secs. 1345-1 through 1346-4, inclusive, GC, shall be liberally construed to accomplish the purposes thereof."

We hold that §1345-33 GC calls for a liberal construction of the Unemployment Compensation Act, particularly §1346-4 GC. While not controlling, such construction is likewise in conformity with the more recent decisions of the Supreme Court of Ohio and of the Courts of Appeals favoring a liberal interpretation of the Appellate Procedure Act, 2 O. Jur., "Appellate Review" pg. 506, Sec. 249. In case of any ambiguity in the sections of the Appellate Procedure Act, or of the Unemployment Compensation Act, relating to appeals, that interpretation is to be favored which will not deny to an appellant his day in court. It would appear to us to be giving a fantastic and highly technical interpretation to §1346-4 GC, to hold that a verbatim copy of the decision of the Board of Review must be incorporated in a notice of appeal, in the absence of express statutory language so requiring. We have examined the case of **Zier v. Bureau of Unemployment Compensation, 151 Oh St 123,** relied upon by the defendant appellee, and do not find that it is an authority contrary to the views herein expressed. For a

discussion of the various meanings of the word "decision," found in §1346-4 GC, also supporting our conclusions herein, see opinion of Judge Doyle, **State ex rel. Squire, Superintendent of Banks v. Winch, 62 Oh Ap 161,** affirmed **137 Oh St 479.**

We also find that the refusal of the trial court to permit claimant to amend his notice of appeal constituted an abuse of discretion. We deem applicable to the present circumstance the statement by Judge Bettman in **Couk v. Ocean Accident and Guarantee Corporation, 138 Oh St 110,** in recognizing the right to amend the notice of appeal provided by §12223-5 GC, as follows:

"The art of jurisprudence should find expression in the closeness to absolute justice achieved, rather than in the refinements of procedural technique required."

The judgment of the Common Pleas Court is reversed and the case remanded to that court for further poceedings according to law.

SKEEL, PJ, DOYLE, J, concur.