TRIPLETT, APPELLANT, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES.

(No. 2717—Decided January 16, 1963.)

*Mr. Emanuel Nadlin,* for appellant.
*Mr. Joseph Brueggeman,* for appellee Board of Review, Bureau of Unemployment Compensation.

CRAWFORD, P. J.  Claimant, Willis C. Triplett, appellant herein, filed a notice of appeal to the Common Pleas Court from a decision on rehearing by the Board of Review, Bureau of Unemployment Compensation.  That court sustained a motion of the Bureau of Unemployment Compensation "to dismiss the appeal for the reason that said appeal does not set forth the errors complained of.  (Section 4141.28, Ohio Revised Code.)"

The text of the notice of appeal to the Common Pleas Court is as follows:

"The appellant, Willis C. Triplett, the claimant, hereby gives notice of his appeal to the Court of Common Pleas of Montgomery County, Ohio, from the decision on rehearing of the unemployment board, notice of which was mailed to appellant on the 21st day of November, 1958.

"Said decision and order are marked 'exhibit A' and attached hereto and made a part hereof.

"Appellant complains of following errors in said decision prejudicial to claimant:

"1. The findings of fact of the Board of Review are contrary to the ultimate facts as clearly proved by the weight of the evidence.

"2. The conclusions of law of the Board of Review on decision that 'claimant voluntarily quit his employment without just cause on January 21, 1958' is not supported by the evidence and is contrary to law.

Willis C. Triplett."

The sole issue is whether claimant has complied with the following provision of Section 4141.28 (N), Revised Code, which has been declared to be jurisdictional:

"Such notice of appeal shall set forth the decision appealed from and the errors therein complained of."

It must be borne in mind that Section 4141.46, Revised Code, provides:

"Sections 4141.01 to 4141.46, inclusive, of the Revised Code shall be liberally construed."

The first error complained of in this notice is general and standing alone might be held inadequate. But the second is more precise and specific and deserves careful consideration.

There is considerable similarity between this case and that of *Moore* v. *Foreacher, Recr.*, 91 Ohio App., 28, decided by this court in 1951. The notice of appeal in that case, which was held sufficient, read:

"That the decision appealed from is numbered on the appeals docket for the Board of Review—Bureau of Unemployment Compensation No. 105497, 13915-REF.-49, 151-BR-50, and the Social Security number of the appellant herein is 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. Appellant further says that the decision of the Board of Review was to the effect that the appellant herein was not available for work, whereas, in truth and in fact, the appellant was available for work."

In that case the court quoted liberally from the case of *Castleberry, d.b.a. Cedar Hills Farms,* v. *Evatt, Tax Commr.*, 147 Ohio St., 30.

While there were two issues involved in the *Castleberry*

*case,* the majority of the court held the notice of appeal to be sufficient. The other and probably the main issue was the taxability of certain milk sales. The notice of appeal pointed out the claimed error in these words:

"Said entry of judgment is erroneous and contrary to law in finding as a matter of law and fact that the milk which was the subject matter of the sales was sold to be consumed off the premises where sold."

Judge Zimmerman, dissenting on the question of taxability, but concurring on the adequacy of the notice of appeal, said:

"The terms 'set forth' and 'set out' ordinarily mean to recite or narrate facts or circumstances; to describe or to incorporate. See Black's Law Dictionary (3 Ed.), 1612.

"* * *

"The principal function of a notice of appeal is to advise the opposite party of the taking of an appeal. Statutes relating to appeals are remedial and should be liberally construed to the end that the right of appeal may not be defeated. *Commonwealth Oil Co.* v. *Turk,* 118 Ohio St., 273, 160 N. E., 856; 37 Ohio Jurisprudence, 732, Section 411.

"* * *

"It is the general rule that, although a notice of appeal should comply substantially with statutory requirements, it is usually sufficient if it contains enough information to apprise the opposite party of the particular judgment which is sought to be reviewed. 3 American Jurisprudence, 168, Section 470; 4 Corpus Juris Secundum, 1061, Section 593."

After those quotations from the *Castleberry case,* our court, in the *Moore case,* pointed out that "the essence of Judge Zimmerman's ruling is that a substantial compliance with the requirements of the statute is sufficient."

Our court further said:

"We adopt the view taken by Judge Zimmerman in the *Castleberry case* holding that statutes relating to appeals are remedial and should be given a liberal construction to the end that the right of appeal is not defeated.

"In support of this construction it is important to note that the Legislature, after the decision was announced in the *Zier case* [*Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St., 123], enacted Section 1345-33, General

Code [Section 4141.46, Revised Code], effective August 8, 1949, which provides: 'Sections 1345-1 [Section 4141.01, Revised Code], through 1346-4 [Section 4141.28, Revised Code], inclusive, of the General Code, shall be liberally construed to accomplish the purposes thereof.' See Amended Senate Bill No. 142, 123 Ohio Laws, 197.''

The judgment of our court was affirmed in 1951 by the Supreme Court in 156 Ohio St., 255. In its opinion, at page 260, the Supreme Court stated:

''The notice then states the substance and effect of the decision appealed from, denies the truth of factual finding of the Board of Review and states the facts which Moore claims establish the errors committed by the Board of Review.

''We believe that this notice of appeal, considered realistically, does sufficiently 'set forth' the decision appealed from and the errors therein complained of to satisfy the requirements of Section 1346-4, General Code [Section 4141.28, Revised Code].''

Those cases review several other authorities which have been cited in the briefs now before us. Probably the only other significant case of a reviewing court which was cited by counsel is that of *Queen City Valves, Inc.,* v. *Peck, Tax Commr.* (1954), 161 Ohio St., 579. That case illustrates the distinction to be made in testing the adequacy of these notices of appeal. In that case, the claimed errors were stated in such exceedingly general terms that the court said that ''the appellant in its notice of appeal to the Board of Tax Appeals dealt in generalities. The errors set out are such as might be advanced in nearly any case and are not of a nature to call the attention of the board to those precise determinations of the Tax Commissioner with which appellant took issue.''

The contrary is true here. The second error assigned is specific, goes to the heart of the decision and clearly advises all concerned of the nature of appellant's complaint. The judgment is reversed and the cause remanded to the Court of Common Pleas with instructions to overrule the motion to dismiss and to proceed to consider the appeal.

*Judgment reversed.*

KERNS and SHERER, JJ., concur.