OPINION
{¶ 1} This appeal is brought by the State Board of Registration For Professional Engineers and Surveyors (the "Board") from an order of the court of common pleas entered pursuant to R.C. 119.12, reversing and vacating the Board's order imposing certain penalties on Louis A. Green, a licensed surveyor.
 {¶ 2} The Board licenses the practice of professional engineers and surveyors pursuant to R.C. Chapter 4733. Green has been licensed by the Board to practice as a surveyor since 1974. He is not licensed to practice as an engineer.
 {¶ 3} Based on a complaint it received, and after extensive hearings over a period of months, the Board on January 8, 2004 found that Green had engaged in the unauthorized practice of engineering in connection with the design and installation of a wastewater treatment and disposal system in violation of R.C.4733.20(A)(2). That section provides:
 {¶ 4} "Pursuant to this section, the state board of registration for professional engineers and surveyors may fine, revoke, suspend, refuse to renew, or limit the registration, orreprimand, place on probation, deny an applicant the opportunity to sit for an examination or to have an examination scored, or impose any combination of these disciplinary measureson any applicant or registrant, or revoke the certificate of authorization of any holder found to be or to have been engaged in any one or more of the following acts or practices:
 {¶ 5} Any gross negligence, incompetency, or misconduct in the practice of professional engineering or professional surveying as a registered professional engineer or registered professional surveyor;" (Emphasis supplied.)
 {¶ 6} As sanctions for the violation it found, the Board issued a letter reprimanding Green for his violation of R.C.4733.20(A)(2) and also ordered Green's registration to practice as a surveyor suspended for six months. The suspension was stayed on the condition that Green not engage in other misconduct during the period of suspension.
 {¶ 7} Notice of the Board's sanctions was mailed on January 13, 2004. On January 28, 2004, Green filed a copy of his notice of appeal in the court of common pleas of Greene County pursuant to R.C. 119.12, challenging the Board's finding of misconduct and the sanctions it imposed.
 {¶ 8} The court referred Green's appeal to its magistrate for hearings and a decision. The magistrate filed a decision on June 7, 2005, reversing and vacating the Board's findings and orders. The Board filed objections. The court overruled the objections and adopted the magistrate's decision. The Board filed a timely notice of appeal to this court.
 {¶ 9} The Board's brief sets forth four assignments of error. Because we find that second assignment disposes of the issues the appeal presents, we will address that assignment first in order.
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE LOWER COURT ERRED AS A MATTER OF LAW BY ACCEPTING JURISDICTION OVER GREEN'S STATE AGENCY ADMINISTRATIVE APPEAL BECAUSE GREEN'S NOTICE OF APPEAL FAILED TO ALLEGE THE PROPER GROUNDS FOR APPEAL REQUIRED BY R.C. 119.12."
 {¶ 11} R.C. 119.12 governs appeals to the courts of common pleas from orders of administrative agencies. It provides, in pertinent part: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed with the court."
 {¶ 12} The Board argues that Green's notice of appeal failed to set forth the "grounds" of his appeal, and that the failure is a jurisdictional defect that renders the trial court's order void. The Board argues that the necessary grounds for appeal are those set out in R.C. 119.12, which are that the Board's order is not "supported by reliable, probative, and substantial evidence and is (not) in accordance with law."
 {¶ 13} The standards of review that R.C. 119.12 imposes are not themselves grounds for appeal, but only the findings on which the court may affirm, reverse, vacate, or modify the agency's order. To state or set forth grounds means to recite some basis in law or fact for a claim. Black's Law Dictionary, Seventh Ed. To satisfy the grounds requirement in R.C. 119.12, an appellant's notice of appeal must therefore set forth facts sufficient on their face to show how the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. Otherwise, the agency is not put on notice of the claim or claims against which it must defend.
 {¶ 14} The notice of appeal that Green filed merely states that he "is adversely affected" by the Board's order "finding that Appellant violated Revised Code Section 4733.20(A)(2)" and the sanctions the Board imposed. That bare contention, coupled with only a reference to the statutory authority under which the Board acted, is insufficient to satisfy the "grounds" requirement of R.C. 119.12. Berus v. Ohio Dep't. Of Admin. Services,
Franklin App. No. 04AP-1196, 2005-Ohio-3384.
 {¶ 15} In Berus, the Tenth District Court of Appeals held that an appellant's similar failure to satisfy the grounds requirement of R.C. 119.12 created a jurisdictional defect that requires dismissal. The Berus court relied on Zier v. Bureauof Unemployment Compensation (1949), 151 Ohio St. 123.
 {¶ 16} In Zier, the section of the General Code authorizing an appeal to the common pleas court required the appellant's notice of appeal to "set forth the errors" in the order appealed from. The notice merely referenced an order denying the appellant's right to unemployment compensation and the statutory section on which the denial was made. The Zier court held that "compliance with the requirements as to the filing of the notice of appeal — the time of filing, the place of filing and the content of the notice as specified in the statute — are all conditions precedent to jurisdiction." Id., at 127. Because the notice of appeal in Zier failed to "set forth the errors" in the order appealed from, as the statute required, the Supreme Court held that common pleas court lacked jurisdiction to review the appeal. Id.
 {¶ 17} "Errors" may be more particular than "grounds," but grounds, in relation to the relief requested in an R.C. 119.12
appeal, likewise contemplates some particular error or defect in the agency's proceedings. In Berus, the Tenth District Court of Appeals held that the grounds requirement concerning the contents of the R.C. 119.12 notice of appeal is not satisfied by the kind of claims that Green presented in his notice of appeal. We agree. We also agree, on the authority of Zier, that the defect is jurisdictional.
 {¶ 18} Article IV, Section 4(B) of the Ohio Constitution provides: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." The provision is generally held to mean that the jurisdiction of the common pleas court is fixed by statute. Mattone v. Argentina (1931),123 Ohio St. 393. Relying on that provision, Zier pointed out that "an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute." Id. At 125.
 {¶ 19} Green points out that the Board failed to raise the issue of the common pleas court's lack of jurisdiction in the proceedings before that court. Ordinarily, that failure would waive the error for purposes of appeal. State ex rel. QuartoMining Co. v. Forman, 79 Ohio St.3d 78, 1997-Ohio-71. However, errors concerning the subject matter jurisdiction of a court that forms the predicate for its determination are not waived, and may be raised for the first time on appeal. City of Lakewood v. AllStructures, Inc. (1983), 13 Ohio App.3d 115. That exception is founded on the view that parties cannot by their conduct or consent, or by waiver, confer subject matter jurisdiction on a court which it does not by statute or constitutional provision possess. Time Warner AXS v. Public Utilities Commission (1996),75 Ohio St.3d 229; Thorley v. Thorley (1991),77 Ohio App.3d 275; State ex rel. Lawrence Development Co. v. Weir (1938),11 Ohio App.3d 96.
 {¶ 20} As a court inferior to the Ohio Supreme Court, we are bound by the precedents in its decisions. Therefore, on the authority of Zier we necessarily hold that the common pleas court lacked jurisdiction to review the Board's findings and orders pursuant to R.C. 119.12 because Green's notice of appeal failed to comply with the requirements of that section concerning the contents of the notice of appeal by not setting forth the grounds for the review his notice requested. Because the common pleas court lacked jurisdiction, its order reversing the Board's decision is void and must be reversed.
 {¶ 21} The second assignment of error is sustained.
FIRST ASSIGNMENT OF ERROR
 {¶ 22} "THE LOWER COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN RULING THAT IT HAD JURISDICTION UNDER R.C.119.12, OVER THE ENTIRE CASE, TO CONSIDER THE MERITS OF A LETTER OF REPRIMAND THE BOARD ISSUED AGAINST GREEN."
THIRD ASSIGNMENT OF ERROR
 {¶ 23} "THE LOWER COURT ERRED IN REVERSING THE BOARD'S FINAL ORDER AND IN DETERMINING THAT THE ORDER WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW."
FOURTH ASSIGNMENT OF ERROR
 {¶ 24} "THE LOWER COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY IMPROPERLY SUBSTITUTING ITS JUDGMENT FOR THAT OF THE BOARD'S WHICH CONCLUDED THAT GREEN COMMITTED MISCONDUCT AS A PROFESSIONAL SURVEYOR UNDER R.C. CHAPTER 4733."
 {¶ 25} The Board's first, third, and fourth assignments of error are rendered moot by our ruling sustaining its second assignment of error. Therefore, we will not decide those assignments of error. App.R. 12(A)(1)(c).
Wolff, J. And Donovan, J., concur.