OPINION
{¶ 1} David May Ministries, also known as Miami Valley Ministries, appeals from a judgment of the Greene County Court of Common Pleas, which dismissedDavid May Ministries' administrative appeal of an adverse decision by the Charitable *Page 2 
Law Section of the Ohio Attorney General's Office for failing to comply with R.C. 119.12. For the following reasons, the trial court's judgment will be affirmed.
 {¶ 2} On November 15, 2006, the Charitable Law Section of the Ohio Attorney General's Office issued an adjudication order which rejected David May Ministries' applications for charitable bingo licenses for 2005 and 2006. On November 28, 2006, David May Ministries filed a notice of appeal with the Charitable Law Section. The notice of appeal stated:
 {¶ 3} "Pursuant to Ohio Revised Code § 119.12, David May Ministries, a.k.a. Miami Valley Ministries hereby gives notice of its appeal to the Greene County Court of Common Pleas for the Adjudication Order issued by the Office of Attorney General of the State of Ohio, Charitable Law Section, dated November 15, 2006 (copy attached). The Adjudication Order is not supported by reliable, probative or substantial evidence, and is contrary to law."
 {¶ 4} On November 29, 2006, David May Ministries filed a notice of appeal in the Greene County Court of Common Pleas, which also indicated that it was appealing from the November 15, 2006 adjudication order and that the order "is not supported by reliable, probative or substantial evidence, and is contrary to law." A copy of the notice of appeal that was filed with the Charitable Law Section was attached as Exhibit 1.
 {¶ 5} On December 4, 2006, the State of Ohio filed a motion to dismiss the appeal for want of jurisdiction, arguing that David May Ministries had failed to comply with R.C. 119.12. The court held a hearing on the motion on December 14, 2006. On December 20, 2006, the court dismissed the appeal, stating: *Page 3 
 {¶ 6} "In this case, the Appellant filed one notice of appeal with the Attorney General's office and a different notice of appeal with the Court although Appellant attached a copy of his notice of appeal to the Attorney General's office to the notice filed with the Court. However, the notice filed with the Court was not filed with the Attorney General's office.
 {¶ 7} "In addition, Section 119.12 requires that the Appellant set forth the grounds of the party's appeal. Appellant's position is that the statement in both notices of appeal `the adjudication order is not supported by reliable, probative or substantial evidence, and is contrary to law' constitutes grounds of the Appellant's appeal. A review of Berus v. Ohio Dept. of Admin. Serv. 2005-Ohio-3384 (2005), andGreen v. State Board of Registration for Professional Engineers Surveyors 2006-Ohio-1581 (2006) support the fact that the Appellant has failed to set forth the grounds of the party's appeal and consequently has failed to invoke the jurisdiction of the Common Pleas Court by failing to set forth the grounds of the party's appeal."
 {¶ 8} David May Ministries appeals, raising two assignments of error.
 {¶ 9} I. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING A MOTION TO DISMISS FOR THE FAILURE OF APPELLANT TO FILE A COPY OF ITS NOTICE OF APPEAL OF AN AGENCY DECISION THAT IT FILED WITH THE AGENCY WITH THE COMMON PLEAS COURT PURSUANT TO ORC § 119.12."
 {¶ 10} In its first assignment of error, David May Ministries argues that it complied with the dual filing requirements of R.C. 119.12, and that there were no grounds for dismissing its appeal on that basis. *Page 4 
 {¶ 11} The relevant portion of R.C. 119.12 provides:
 {¶ 12} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. * * *"
 {¶ 13} The timely filing of an original notice of appeal with the agency and a copy of the notice of appeal with the court is a jurisdictional requirement. Wheat v. Board of Embalmers and FuneralDirectors (July 2, 1998), Montgomery App. No. 16918; Nibert v. OhioDept. of Rehab. and Corr, 84 Ohio St.3d 100, 102-03, 1998-Ohio-506,702 N.E.2d 70. In order to invoke the jurisdiction of the trial court, the appellant must strictly comply with the requirements of R.C. 119.12.Hughes v. Ohio Dept. of Commerce, 114 Ohio St.3d 47, 2007-Ohio-2877, ¶ N.E.2d.-, ?16-17.
 {¶ 14} David May Ministries asserts that the trial court did not, in fact, rule that it failed to satisfy the filing requirements. It further asserts that it complied with the dual filing requirements of R.C.119.12 when it filed a notice of appeal with the Charitable Law Section and then a copy of that notice of appeal with the court. In response, the State argues that David May Ministries' first notice of appeal, filed with the Attorney General's Office, was not the true notice of appeal and that the true notice of appeal was the one filed with the court. The State thus argues: "David May Ministries only filed a copy of the second notice, the true notice of appeal to the Court, with the Attorney General after the statutory period to appeal had lapsed," thus rendering the court without jurisdiction.
 {¶ 15} We agree that the court's ruling does not clearly indicate whether it found that David May Ministries failed to comply with the dual filing requirement of R.C. *Page 5 119.12. Regardless, we agree with David May Ministries that it met the requirement, and we find the State's argument unpersuasive.
 {¶ 16} David May Ministries filed a timely notice of appeal with the Charitable Law Section on November 28, 2006, which stated that it hereby "gives notice of its appeal to the Greene County Court of Common Pleas." This notice unambiguously stated that David May Ministries was appealing the November 15th administrative decision to the common pleas court. We reject the State's assertion that this was not a "true" notice of appeal. The following day, David May Ministries filed another notice of appeal with the Greene County Court of Common Pleas, and it attached a copy of the notice of appeal that was filed with the Charitable Law Section. Both notices of appeal used identical language concerning the order from which David May Ministries had appealed and the grounds for the appeal. In sum, David May Ministries filed a timely original notice of appeal with the Charitable Law Section and subsequently filed a copy of that notice of appeal, albeit as an exhibit, with the court. In our view, David May Ministries complied with the literal requirements of R.C. 119.12 that it file an original notice of appeal with the agency and a copy of that notice of appeal with the court. We see no jurisdictional defect in David May Ministries' filing of its notices of appeal. Accordingly, the trial court erred to the extent that it found that it lacked jurisdiction because David May Ministries failed to file its notices of appeal as required by R.C.119.12. This error, however, is harmless given our disposition of the second assignment of error.
 {¶ 17} The first assignment of error is overruled.
 {¶ 18} II. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY *Page 6 
GRANTING A MOTION TO DISMISS FOR FAILURE OF APPELLANT TO PROPERLY SET FORTH ITS GROUNDS FOR APPEAL IN ITS NOTICE OF APPEAL PURSUANT TO ORC § 119.12."
 {¶ 19} In its second assignment of error, David May Ministries claims that the trial court erred in concluding that it failed to set forth the grounds for its appeal, as required by R.C. 119.12.
 {¶ 20} Our disposition of this matter is governed by Green, supra, in which we addressed the degree of specificity that R.C. 119.12 requires in setting forth the grounds for the appeal. We stated:
 {¶ 21} "The Board argues that Green's notice of appeal failed to set forth the `grounds' of his appeal, and that the failure is a jurisdictional defect that renders the trial court's order void. The Board argues that the necessary grounds for appeal are those set out in R.C. 119.12, which are that the Board's order is not `supported by reliable, probative, and substantial evidence and is (not) in accordance with law.'
 {¶ 22} "The standards of review that R.C. 119.12 imposes are notthemselves grounds for appeal, but only the findings on which the courtmay affirm, reverse, vacate, or modify the agency's order. To state orset forth grounds means to recite some basis in law or fact for a claim.Black's Law Dictionary, Seventh Ed. To satisfy the grounds requirementin R.C. 119.12, an appellant's notice of appeal must therefore setforth facts sufficient on their face to show how the agency's order isnot supported by reliable, probative, and substantial evidence and isnot in accordance with law. Otherwise, the agency is not put on noticeof the claim or claims against which it must defend. *Page 7 
 {¶ 23} "The notice of appeal that Green filed merely states that he `is adversely affected' by the Board's order `finding that Appellant violated Revised Code Section 4733.20(A)(2)' and the sanctions the Board imposed. That bare contention, coupled with only a reference to the statutory authority under which the Board acted, is insufficient to satisfy the `grounds' requirement of R.C. 119.12. Berus v. Ohio Dep't.Of Admin. Services, Franklin App. No. 04AP-1196, 2005-Ohio-3384.
 {¶ 24} "In Berus, the Tenth District Court of Appeals held that an appellant's similar failure to satisfy the grounds requirement of R.C.119.12 created a jurisdictional defect that requires dismissal. TheBerus court relied on Zier v. Bureau of Unemployment Compensation
(1949), 151 Ohio St. 123, 84 N.E.2d 746.
 {¶ 25} "In Zier, the section of the General Code authorizing an appeal to the common pleas court required the appellant's notice of appeal to `set forth the errors' in the order appealed from. The notice merely referenced an order denying the appellant's right to unemployment compensation and the statutory section on which the denial was made. TheZier court held that `compliance with the requirements as to the filing of the notice of appeal — the time of filing, the place of filing and the content of the notice as specified in the statute — are all conditions precedent to jurisdiction.' Id., at 127, 84 N.E.2d 746. Because the notice of appeal in Zier failed to `set forth the errors' in the order appealed from, as the statute required, the Supreme Court held that common pleas court lacked jurisdiction to review the appeal.Id.
 {¶ 26} "`Errors' may be more particular than `grounds,' but grounds,in relation to the relief requested in an R.C. 119.12 appeal, likewisecontemplates some particular error or defect in the agency'sproceedings. In Berus, the Tenth District Court of *Page 8 
Appeals held that the grounds requirement concerning the contents of the R.C. 119.12 notice of appeal is not satisfied by the kind of claims that Green presented in his notice of appeal. We agree. We also agree, on the authority of Zier, that the defect is jurisdictional." (Emphasis added).Green at ¶ 12-17. In the present case, David May Ministries' notice of appeal states that "[t]he Adjudication Order is not supported by reliable, probative or substantial evidence, and is contrary to law." These "grounds" merely reiterate the basis upon which the court may reverse, vacate or modify an order. Specifically, R.C. 119.12 states:
 {¶ 27} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"
 {¶ 28} David May Ministries' notice of appeal does not indicatehow the agency order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. In the absence of some facts or legal basis indicating the nature of its claims, David May Ministries has failed to comply with the requirement that it set forth the grounds for its appeal.
 {¶ 29} David May Ministries asserts that R.C. 119.12 should be liberally construed to effectuate the remedial purpose of the statute, and that its notice of appeal substantially complies with the statute. In support of its assertion, David May Ministries relies uponTriplett v. Board of Review (1963), 118 Ohio App. 515, *Page 9 196 N.E.2d 107, and Moore v. Foreacher (1951), 91 Ohio App. 28,105 N.E.2d 80, aff'd, 156 Ohio St. 255, 102 N.E.2d 8, both of which post-dateZier. In Triplett and Moore, this court noted that statutes relating to appeals are remedial in nature and should be liberally construed to ensure that the right to appeal is not defeated. Triplett,118 Ohio App. at 517; Moore, 91 Ohio App. at 34.
 {¶ 30} Triplett, however, does not stand for the proposition that an appellant may set forth the grounds for the appeal in general terms. In that case, Triplett asserted two bases for appeal: (1) "The findings of facts of the Board of Review are contrary to the ultimate facts as clearly proved by the weight of the evidence[,]" and (2) "The conclusions of law of the Board of Review on decision that `claimant voluntarily quit his employment without just cause of January 21, 1958' is not supported by the evidence and is contrary to law." Upon review, we concluded that the first alleged error "is general and standing alone might be held inadequate." Triplett, 118 Ohio App. at 516. As to the second alleged error, we held that it was "specific, goes to the heart of the decision and clearly advises all concerned of the nature of appellant's complaint." We contrasted the second alleged error with those which are phrased with generalities "such as might be advanced in nearly any case and are not of a nature to call attention of the board to those precise determinations of the [agency] with which appellant took issue." Id. at 518, quoting Queen City Valves, Inc. v. Peck (1954),161 Ohio St. 579, 120 N.E.2d 310. Our recent decision in Green
reiterates Tripletts conclusion that generalities are insufficient.
 {¶ 31} Moreover, the Supreme Court of Ohio has strictly construed the dual filing requirement of R.C. 119.12. The supreme court has stated that the statute *Page 10 
unambiguously requires an original notice of appeal to be filed with the agency and a copy of the notice of appeal with the court,Hughes, supra, and that both documents must be filed within fifteen days, Nibert, supra. In Nibert, the Court noted that not applying a standard fifteen-day deadline to both the notice of appeal and the copy of the notice of appeal "would lead to unnecessary confusion, uncertainty, and delay." Nibert, 84 Ohio St.3d at 102-103. The Court further noted that R.C. 119.12 requires the court of common pleas to give preference to R.C. 119.12 appeals over all other civil cases, irrespective of the proceedings on the calendar of the court. "Obviously, the legislature recognized through R.C. 119.12 the need for prompt disposition of such appeals." Id. at 102. We find the same rationales apply to R.C. 119.12's requirement that the appellant set forth the grounds for its appeal in the notice of appeal, and, considering the supreme court's requirement that appellants strictly comply with the statute, we reject David May Ministries' assertion that R.C. 119.12 should be liberally construed.
 {¶ 32} As with the first alleged basis for appeal inTriplett, the grounds stated in David May Ministries' notice of appeal ¶ that "[t]he Adjudication Order is not supported by reliable, probative or substantial evidence, and is contrary to law" — could be advanced in any appeal under R.C. 119.12 and fails to inform the State of the portions of the adjudication order with which it takes issue. Moreover, it fails to inform the court of the basis for the appeal, which could hinder a prompt disposition of the appeal.
 {¶ 33} David May Ministries argues that the State was informed of its basis for appeal when it attached the Adjudication Order to the notice of appeal. It states that, in this case, "there was only one violation based upon one issue in the Adjudication *Page 11 
Order." David May Ministries further asserts that State "had full knowledge and notice of what claim he would have to defend in this case," because counsel for both parties held multiple telephone conferences in which they discussed the Adjudication Order, the timing of its effect, the pending appeal, and the grounds for the appeal. David May Ministries states that they discussed, in particular, that David May Ministries believed that Jason May had the right not to answer certain questions from investigators on June 2, 2006, without the presence of counsel and that it would assert those grounds as the basis for its appeal.
 {¶ 34} Although the State may have received actual notice through telephone conversations of the grounds for David May Ministries' appeal, R.C. 119.12 requires that those grounds be specified in the notice of appeal in order for the court to have jurisdiction over the appeal. SeeNibert, 84 Ohio St.3d at 102. Specifying the grounds for the appeal in the notice of appeal informs the court of the basis for the appeal and assists the court in disposing of the appeal in an expeditious manner. Although the parties may understand amongst themselves the basis for the appeal, the court would not ordinarily be privy to such conversations. Moreover, attaching the adjudication order to the notice of appeal merely informs the court of the decision which allegedly contains error. Although the order in this case may be limited to a specific issue, other appeals may contain multiple issues and, consequently, multiple potential bases for appeal. R.C. 119.12 expressly places an obligation on the appellant to set forth the grounds for appeal; it does not place a burden on the court or the appellee to infer the grounds, which may not be readily apparent, from the adjudication order.
 {¶ 35} Because David May Ministries failed to specify the grounds of its appeal, *Page 12 
as required by R.C. 119.12, the court did not err in dismissing the appeal for want of jurisdiction.
 {¶ 36} The second assignment of error is overruled.
 {¶ 37} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1