JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Elijah L. Wheeler, II, appeals from the dismissal by the lower court of his R.C. 119.12 appeal from the final order of the Ohio Department of Commerce, Division of State Fire Marshall ("Fire Marshall") revoking his 2004 Individual Certificate to Service, Test, Install or Repair Fire Protection or Fire Fighting Equipment ("Certificate"). Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the lower court.
 {¶ 2} The Division of State Fire Marshall is the state agency responsible for the licensing and regulation of individuals and companies engaged in the business of *Page 2 
servicing, testing, repairing, or installing fire protection or fire fighting equipment. R.C. 3737.65 and 3737.83. As part of these responsibilities, the Fire Marshall conducts inspections and investigates complaints. On May 31, 2005, pursuant to statutory authority, the Fire Marshall issued a Notice of Opportunity for Hearing to appellant alleging certain violations of state law and the Ohio Fire Code concerning his 2004 Certificate, and proposing to suspend or revoke appellant's Certificate.
 {¶ 3} A hearing was held on January 6, 2006 before a hearing officer in which both the Fire Marshall and appellant appeared and presented evidence. On March 13, 2006, the hearing officer issued a report and recommendation. Based upon the findings of fact, and due to the serious nature of the violations and the risk of harm inherent from those violations, the hearing officer recommended that appellant's Certificate be revoked. On May 3, 2006, appellant filed written objections to the hearing officer's report. On July 10, 2006, the Fire Marshall overruled appellant's objections and issued its final order revoking appellant's 2004 Certificate.
 {¶ 4} On July 25, 2006, appellant filed a notice of appeal from this final order with the Fire Marshall and a copy with the court of common pleas. The Fire Marshall then filed a motion to dismiss the administrative appeal for lack of subject matter jurisdiction. Appellant did not oppose the motion. On August 29, 2006 the common pleas court granted the motion and dismissed the administrative appeal. In his appeal of this decision, appellant raises the following assignment of error: *Page 3 
 {¶ 5} "RESPONDENT-APPELLANT'S NOTICE OF APPEAL SATISFIED THE STATUTE AND PLACED PETITIONER-APPELLEE ON NOTICE OF GROUNDS HE SOUGHT TO RAISE ON APPEAL."
 {¶ 6} Appellant's right to appeal to the court of common pleas from the order of the Fire Marshall is conferred by statute. See R.C. 119.12. The Supreme Court of Ohio has consistently held that, "[a]n appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." Zier v. Bur of Unemployment Comp. (1949),151 Ohio St. 123, paragraph one of the syllabus; see, also, Griffith v. J.C.Penney Co. (1986), 24 Ohio St.3d 112. To invoke the jurisdiction of the common pleas court, the notice of appeal must be filed within the time specified in the statute, at the place designated by the statute, and with such content as required by the statute. Zier, 151 Ohio St. at 125.
 {¶ 7} If a party fails to strictly comply with the requirements of R.C. 119.12, subject matter jurisdiction is forfeited and the administrative appeal must be dismissed. Flowers v. Ohio DOC, Cuyahoga App. No. 86765, 2006-Ohio-2585, citing Harrison v. Registrar, BMV, Trumbull App. No. 2002-T-0095, 2003-Ohio-2546.
 {¶ 8} An appeal from an adjudication of the State Fire Marshall may be taken under R.C. 119.12 which provides, in part: *Page 4 
 {¶ 9} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."
 {¶ 10} By its express terms, R.C. 119.12 requires that the notice of appeal set forth not only the order appealed from, but also "the grounds of the party's appeal." The requirement that the grounds of the appeal be set forth puts the agency on notice of the claims against which it must defend. Green v. State Bd. of Registration for ProfessionalEngineers and Surveyors, Greene App. No. 05CA121, 2006-Ohio-1581, at T|13. A notice of appeal that fails to set forth the grounds of the party's appeal is jurisdictionally defective. CHS-Windsor, Inc. v. OhioDep't. of Job Family Servs., Franklin App. No. 05AP-909,2006-Ohio-2446; Zier, supra; Green, supra.
 {¶ 11} Appellant's entire notice of appeal consists of one sentence, that states:
 {¶ 12} "Now comes Respondent, Elijah L. Wheeler, II by and through counsel and hereby gives Notice of his appeal from the Final Order of Revocation of the 2004 Individual Certificate to Service, Test, Install, or Repair Fire Protection of [sic] Fire Fighting Equipment dated July 10, 2006. (Attached copy of said Order incorporated herein.)" *Page 5 
 {¶ 13} Appellant states that his notice of appeal puts the Fire Marshall on notice that he intends to appeal all the factual determinations and legal conclusions found in the final order. He argues that any additional language in his notice of appeal would be superfluous. Appellant further states that he meets and exceeds all of the statutory requirements as stated in Stultz v. Ohio Dept of Admin.Servs., Franklin App. No. 04AP-602, 2005-Ohio-200.
 {¶ 14} In Stultz, the appellant filed a notice of appeal of the denial of his application for disability benefits with the Ohio Department of Administrative Services and the court of common pleas. His notice of appeal contained only the names and addresses of the parties and a reference to his administrative claim number. The court found that merely referencing the objectionable administrative order without indicating a reason or basis for the appeal was insufficient to meet the requirements of R.C. 119.12 that appellant state grounds for his appeal and, thus, was insufficient to invoke the jurisdiction of the common pleas court. The Tenth District held that the failure to state grounds in a notice of administrative appeal is a jurisdictional defect requiring the common pleas court to dismiss the appeal without consideration of its merits. Id.
 {¶ 15} We agree with the holding in Stultz and find that because appellant's notice of appeal referenced only the Fire Marshall's final order without stating the grounds for appeal as required by statute, the notice was insufficient to invoke the *Page 6 
jurisdiction of the court of common pleas. Where subject matter jurisdiction is lacking, the appeal must be dismissed. Flowers v. OhioDOC, supra.
 {¶ 16} Based upon these considerations, we overrule appellant's assignment of error and affirm the judgment of the Cuyahoga County Court of Common Pleas.
 It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR *Page 1