OPINION
{¶ 1} Plaintiff-appellant, Jeanette Baltodano-Werle, appeals a decision of the Montgomery County Court of Common Pleas, which dismissed, on jurisdictional *Page 2 
grounds, her administrative appeal of an adverse decision by the Ohio State Dental Board (the "Board").
 {¶ 2} Appellant is a dental hygienist. On May 18, 2007, the Board issued an adjudicative order suspending her from practicing for seven days. On May 25, 2007, appellant filed a signed original notice of appeal in the Montgomery County Court of Common Pleas. A notice of appeal was also mailed that same day to the Board. The Board received the notice of appeal on May 29, 2007.
 {¶ 3} The Board moved to dismiss the appeal on the ground the appeal was not perfected under R.C. 119.12. Specifically, the Board asserted that the common pleas court was without jurisdiction to hear the appeal because appellant did not file the original notice of appeal with the Board as required under R.C. 119.12. Attached to the motion was an affidavit from the Board's Executive Director stating that on May 29, the Board received a photocopy of an unsigned original notice of appeal bearing a time stamp from the common pleas court. Also attached to the motion was a photocopy of an unsigned notice of appeal bearing a time stamp from the Board indicating it was received by the Board on May 29.
 {¶ 4} In her response to the motion, appellant asserted she filed an original notice of appeal with the Board, and that in fact, she "submitted signed originals to both the * * * Board and the Common Pleas Court." Attached to the response were an affidavit from appellant's attorney stating he had signed and filed original notices of appeal with both the Board and the common pleas court; a signed original notice of appeal bearing a time stamp from the Board indicating it was received by the Board on May 29; and copies of two letters sent by appellant to the Board regarding her notice of *Page 3 
appeal with the Board.
 {¶ 5} On August 21, 2007, the common pleas court dismissed the appeal, stating:
 {¶ 6} "[Under R.C. 119.12], [a]n appellant must file the original notice with the agency setting forth the order and then a copy with the common pleas court. In the case at bar, the original notice of appeal was filed with the Montgomery [County] Court of Common Pleas on May 25, 2007, while a copy of that notice of appeal was filed with the Ohio State Dental Board on May 29, 2007. Clearly, the original appeal was not filed with the Ohio State Dental Board as required by R.C. 119.12. While there is an issue as to whether the Appeal filed with the Board was signed, that issue is moot upon the disposition of this Motion. Based upon the foregoing, the Motion to Dismiss is SUSTAINED."
 {¶ 7} Appellant appeals, raising two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND BY A PREJUDICIAL JUDGMENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY GRANTING THE MOTION TO DISMISS FOR DEFENDANT-APPELLEE, OHIO STATE DENTAL BOARD, WHEN THE EVIDENCE BEFORE THE TRIAL COURT SUPPORTS A FINDING THE ORIGINAL NOTICE WAS FILED IN COMPLIANCE WITH R.C. 119.12."
 {¶ 10} The rights of a party who wishes to appeal from an adverse administrative order are set forth in R.C. 119.12: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the *Page 4 
party's appeal. A copy of the notice of appeal shall also be filed by the appellant with the court [of common pleas]. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order[.]"
 {¶ 11} It is well-settled that the filing of a notice of appeal under R.C. 119.12 is essential to vest a common pleas court with jurisdiction over an administrative appeal. See David May Ministries v. State ex rel.Petro, Greene App. No. 2007 CA 1, 2007-Ohio-3454. The subject-matter jurisdiction of a court "connotes the power to hear and decide a case upon its merits." Morrison v. Steiner ( 1972), 32 Ohio St.2d 86, 87. Once a court of competent jurisdiction acquires jurisdiction over an action, its authority continues until the matter is completed and finally disposed of. See B-Dry System, Inc. v. Kronenthal (June 30, 1999), Montgomery App. Nos. 17130, 17619.
 {¶ 12} Upon reviewing the record, we find that the common pleas court erred in finding that appellant did not file an original notice of appeal with the Board as required by R.C. 119.12. Attached to appellant's response to the Board's motion to dismiss is a signed original notice of appeal bearing a blue ink time stamp from the Board indicating it was received by the Board on May 29, 2007. This notice of appeal does not bear a time stamp from the common pleas court. Appellant, therefore, did file an original notice of appeal with the Board, and the common pleas court erred in finding otherwise.
 {¶ 13} Nonetheless, we uphold the common pleas court's dismissal, on jurisdictional grounds, of appellant's administrative appeal for the following reason.
 {¶ 14} R.C. 119.12 requires an aggrieved party to file an original notice of appeal with the agency and a copy of the notice of appeal with the common pleas court. The *Page 5 
purpose behind this requirement is to show that an original notice of appeal was filed with an agency and to notify the common pleas court that such notice of appeal was filed with the agency. Although R.C. 119.12 is silent as to the order in which the original notice of appeal and the copy of such notice must be filed, R.C. 119.12 necessarily, albeit implicitly, requires the notice of appeal to be filed with the agency first; that is, the notice of appeal must be filed with the agency before it is filed in the common pleas court. Only when the copy of the notice of appeal filed with the agency and bearing the time stamp of the agency is filed in the common pleas court is the common pleas court vested with subject-matter jurisdiction.
 {¶ 15} The record shows that the original notice of appeal was filed with the Board on May 29, 2007 and that a notice of appeal was filed in the common pleas court on May 25. Because the notice of appeal was filed with the Board after it was filed in the common pleas court, appellant failed to comply with R.C. 119.12, and the common pleas court properly dismissed her administrative appeal on jurisdictional grounds.
 {¶ 16} We note that we have affirmed the common pleas court's judgment but for different reasons than those set forth in the court's decision. "Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous."Goudlock v. Voorhies, Slip Opinion No. 2008-Ohio-4787. The common pleas court's judgment was correct but for the wrong reasons. Appellant's first assignment of error is accordingly overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE MOTION TO DISMISS OF DEFENDANT-APPELLEE, OHIO STATE DENTAL BOARD, *Page 6 
FOR LACK OF JURISDICTION BY MAKING A DETERMINATION OF DISPUTED FACTS CONTRARY TO CIVIL RULE 12(B)."
 {¶ 19} In this assignment of error, appellant essentially argues that the common pleas court analyzed the Board's motion to dismiss (and the evidence submitted by the parties relating to the motion) under Civ. R. 12(B)(6), failed to convert the motion to a motion for summary judgment, and improperly granted the motion without a hearing.
 {¶ 20} The Board moved to dismiss the appeal for lack of subject-matter jurisdiction pursuant to R.C. 119.12. Assuming, arguendo, that the motion was filed under Civ. R. 12(B), which the Board denies, we find that it was filed under Civ. R. 12(B)(1) which specifically covers motions filed for want of subject-matter jurisdiction.
 {¶ 21} The Ohio Supreme Court has made it clear that a trial court may consider outside matter attached to a motion to dismiss for lack of subject-matter jurisdiction without converting it into a motion for summary judgment if such material is pertinent to determining its subject-matter jurisdiction. Southgate Development Corp. v. Columbia GasTransmission Corp. (1976), 48 Ohio St.2d 211, 214. See, also,Russell v. AT T Corp., Montgomery App. No. 22373, 2008-Ohio-3489
(quoting Southgate); Howard v. Covenant Apostolic Church, Inc. (1997),124 Ohio App.3d 24 (when considering a motion to dismiss under Civ. R. 12[B][1], a court may look at evidence beyond the pleading in deciding whether it has subject-matter jurisdiction).
 {¶ 22} Thus, in the event the common pleas court considered the Board's motion under Civ. R. 12(B)(1), we find it did not err in granting the Board's motion to dismiss based upon the evidence submitted by the parties relating to the motion, without first converting it to a motion for summary judgment, and without conducting a hearing on the *Page 7 
motion. Appellant's second assignment of error is overruled.
 {¶ 23} Judgment affirmed.
WALSH, P.J. and BRESSLER, J., concur.
Walsh, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Bressler, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Young, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Copies mailed to:
Gary L. Froelich
Jennifer A. Adair
 Hon. Barbara P. Gorman *Page 1